Statement of Facts.

[No. 3,471.]

## PEOPLE *v.* GRANT ET AL.

WRIT OF ASSISTANCE ON TAX SALE.—A writ of assistance will not issue in favor of a purchaser from one who received a Sheriff's deed for land sold under a judgment for delinquent taxes. Such writ can only issue in favor of one who was the grantee of the Sheriff.

APPEAL FROM ORDER GRANTING WRIT OF ASSISTANCE.—One who is not a party to the record cannot appeal from an order granting a writ of assistance. Such person must move to vacate the order granting the writ, and in that way place himself on the record, and then, if the motion is denied, appeal from the order denying his motion; or if the writ is executed, move to be restored to the possession, and if the motion is denied, take his appeal.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

In August, 1871, the Sheriff sold the premises in suit to one Roberts, under a judgment and decree against the property for delinquent taxes of the year 1869–70. No redemption being made, the Sheriff executed a deed to Roberts in February, 1872. Roberts subsequently deeded the land to Lowe, who, being refused possession by the occupant, upon an *ex parte* application, obtained an order on the 13th of May, 1872, for a writ of assistance placing him in possession. On the 31st of May, one Tormey moved to set aside the order for the writ of assistance, and afterwards filed an affidavit in support of the motion, alleging that he was the owner and in possession of the land in controversy at the time the decree of sale was made, and that Grant had no interest in it, and that the Sheriff threatened to remove him and his tenant from the premises by virtue of the writ of assistance. The motion was denied July 1st, 1872, and on the nineteenth following Tormey appealed from the order denying his motion, and also from the order of May 13th, granting the writ. The appeal so taken was the matter before the Court.

CAL. REPS. XLV—13.

*Archer*, for Appellant.

The writ was issued on the motion and in favor of the grantee of the purchaser. This is not authorized by law. The remedy is summary and special as applicable to tax cases. The holder of the deed means grantee therein, and not any remote assignee or grantee. (Hittell, Sec. 6194; *Reay* v. *Cotter*, 29 Cal. 170; *People* v. *Doe*, 31 Cal. 224.)

*Moore, Laine & Leib*, for Respondents, argued that the appeal from the first order was six days too late (Practice Act, Sec. 336; *Kittredge* v. *Stevens*, 23 Cal. 284), and that the appeal from the second order must fall with the first. The statute says the writ shall issue to the "holder" of the deed, and the respondent, Lowe, having purchased the land, is the holder of the title deeds. If the statute had meant " grantee," it would have used that word instead of the word " holder." But if not entitled to the writ under the statute, Lowe would still be entitled to it under the general principles and practice of equity. (*N. Y. Trust and L. Ins. Co.* v. *Rand*, 8 How. Pr. R. 35.)

By the COURT:

1. Lowe was not the *holder* of the Sheriff's deed in the sense of the statute. The " holder" of such a deed is the person who is the grantee therein named, and not a subsequent vendee of such grantee. It results that the provision of the statute permitting a writ of assistance to be issued upon the application of the holder of the Sheriff's deed, did not authorize such a writ to be issued in favor of Lowe.

2. The purchaser from the grantee of the Sheriff having, by intrusion into the case, and without notice to the tenant or his landlord, obtained an order for the writ, the latter had no remedy except a motion to set it aside, or had he been evicted under the writ, a motion to be restored to the pos-

session—in which latter case there can be no doubt that he could have appealed from an order denying his motion. In no other way could he become a party upon the record so as to enable him to support an appeal. The cases in which we have held that the appeal should be taken from the order itself, as originally entered, and not from a subsequent order refusing to set it aside, are cases in which the party might have prosecuted an appeal from the original order. We have never held that any one was concluded by the lapse of sixty days from the entry of an order from which he had never had an opportunity to bring an appeal. Had Tormey appealed directly from the order of May 13th, 1872, the appeal must have been dismissed here, upon the ground that he was not a party upon the record, and unless he could be permitted to move in the Court below to set that order aside, he would be left without remedy.

Order reversed and cause remanded, with directions to set aside the order of May thirteenth.