91  355
95  174
91  355
99  411
91  355
d106  326
91  355
134  124
91  355
135  131
f135  132
91  355
137  500

[No. 13810.   In Bank. — September 23, 1891.]

# L. ROCHAT ET AL., RESPONDENTS, v. C. C. GEE, APPELLANT.

DISMISSAL OF ACTION — FILING ABANDONMENT — CLERK'S ENTRY IN REGISTER — JUDGMENT. — The filing, by the plaintiff, of a written statement of abandonment of a cause, and its entry by the clerk in the register of actions, do not operate as a dismissal of the action, if no judgment of dismissal was ever made or entered, nor any order of the court made in relation to the matter of abandonment.

DISSOLUTION OF PARTNERSHIP — RECEIVER — APPROVAL OF ACCOUNT NOT FINAL — NON-APPEALABLE ORDER — DISMISSAL OF APPEAL. — An order of the trial court approving the account of a receiver, appointed in an action for the dissolution of a copartnership and for an accounting, which was made before final judgment therein, and which shows on its face that the account was not final, and that the receiver is to continue in possession of the assets of the firm, and to act on its behalf under orders of the court, is not an appealable order, and an appeal therefrom will be dismissed.

MOTION to dismiss an appeal from an order of the Superior Court of San Bernardino County approving a receiver's account.

The facts are stated in the opinion of the court.

*Charles R. Gray*, for Appellant.

*E. E. Rowell*, and *C. J. Perkins*, for Receiver.

*C. J. Perkins*, and *H. C. Rolfe*, for Respondent Rochat.

PATERSON, J. — This action was commenced by the plaintiff, June 27, 1888, for a dissolution of the copartnership existing between himself and defendant, for the appointment of a receiver, and for an accounting and settlement of the affairs of the partnership, and on that day the respondent Sommer was appointed receiver, " to take charge of, manage and control, and dispose of, under the direction of this (superior) court, all that certain real property belonging to the copartnership of Rochat & Gee, and to have charge of, manage, control, and dispose of all personal property of the said firm of Rochat & Gee, upon his executing the bond as such receiver in the sum of twelve thousand dollars and qualifying according to

law." He qualified, took possession of the property of the firm, and for about one month operated a lumber-mill belonging to the firm. The defendant filed an answer September 15, 1888, admitting the fact of co-partnership, but denying the allegation on which plaintiff relied for the relief asked. On June 29, 1889, plaintiff filed a written abandonment of the cause, in the following words: " Now comes the plaintiff, and before the final submission of the above-entitled cause, the plaintiff hereby abandons said cause." The register of actions showed the following entry: " June 29, 1889. Filing abandonment of cause by plaintiff." But no judgment of dismissal was ever made or entered, nor was any order of the court made in relation to the matter of abandonment. On September 2, 1889, the court directed the receiver to file an account. The account was filed November 12, 1889, and on November 29, 1889, the defendant filed written objections to the allowance of several of the items thereof. After hearing the testimony of the parties, the court approved the account as filed, and from this order the defendant has appealed.

The filing of the written statement of abandonment, and the clerk's entry in the register of actions, did not operate as a dismissal of the action. (Code Civ. Proc., sec. 581; *Page* v. *Page*, 77 Cal. 83.)

Respondent has moved the court to dismiss the appeal on the ground that the order is not appealable. We think the motion should be granted.

The orders made before judgment which may be appealed from are named in subdivision 3, sections 939 and 963, of the Code of Civil Procedure. The order before us is not one of those specified in subdivision 3 of section 939, which is the same as subdivision 3 of section 336 of the Practice Act. (*Adams* v. *Woods*, 8 Cal. 315.) It is not a " special order made after final judgment," because there has been no final judgment in the action. It cannot be one of the orders named in subdivision 3 of section 963, because that class embraces only probate orders. (*Estate of Calahan*, 60 Cal. 232.)

Appellant claims that the order is a final adjudication upon all matters involved in the report of the receiver, and being conclusive upon the parties, and for an amount exceeding three hundred dollars, the constitution secures to him the right of appeal, whether the legislature has provided the method of taking the appeal or not.

It is not a question whether one aggrieved by such an order has the right of appeal, — that must be conceded, — but when such right may be exercised. We have not found any case in which such an order has been reviewed before final judgment. No good purpose could be subserved by a rule authorizing an appeal from every order of this kind made during the pendency of the suit. It is the policy of the law to discourage litigation piecemeal. The order of the court concludes with the following direction: "It is further ordered that said receiver be and continue in charge of the property of said parties herein, and that he continue to act as receiver herein until the further orders of this court in the premises. Said receiver is hereby disallowed any compensation or attorneys' fees until the coming in of his final report herein on final determination of this cause, such compensation and attorneys' fees to be then fixed by the court as it may be then advised." There are authorities holding that a receiver may appeal directly from an order made before judgment disallowing his final account; and it may be conceded that a party aggrieved by an order of the court, made before judgment allowing a final account of a receiver, may appeal without waiting for a final judgment in the case; that is not this case. The provision of the order quoted above shows that the receiver is still in possession of the assets of the firm, and acting on its behalf, under orders of the court. There will be other reports to make. The final account will refer to previous reports filed, and when that is settled, any one aggrieved will be fully protected by an appeal, either from the final order or from the judgment. It may happed that those who object to the acts of the receiver during the first part of his administration will be entirely satis-

fied with the general result, and have no objection to the approval of his final account of the whole matter. (*Vinson* v. *Freeze,* 1 S. W. Rep. 478; *McCord* v. *Weil,* 46 N. W. Rep. 152; *Perkins* v. *Fourniquet,* 6 How. 206; 2 Hayne on New Trial and Appeal, sec. 188.)

The appeal is dismissed.

SHARPSTEIN, J., HARRISON, J., MCFARLAND, J., and DE HAVEN, J., concurred.