[No. 15460. In Bank.—August 30, 1893.]

ILLINOIS TRUST AND SAVINGS BANK, RESPOND-
ENT, v. THE PACIFIC RAILWAY COMPANY ET AL.,
DEFENDANTS.  WILLIAM ALVORD AND THOMAS
BROWN, TRUSTEES, APPELLANTS.

| 99 | 407 |
| 134 | 124 |
| 99 | 407 |
| 135 | 131 |

FORECLOSURE OF MORTGAGE—ALLOWANCE OF INDEBTEDNESS CONTRACTED BY RE-
CEIVER—ORDER BEFORE JUDGMENT—APPEAL—DISMISSAL.—An order made
before judgment in an action to foreclose a mortgage of the property of a street
railway company, making the indebtedness contracted by the receiver in
another action a lien paramount and prior to the first mortgage and all other
liens in litigation in the action, and directing their payment out of the proceeds
of sale, is reviewable upon appeal from the judgment of foreclosure and sale,
and is not in its nature a final judgment, nor an appealable order, and an
appeal therefrom must be dismissed.

ID.—TIME FOR APPEAL FROM ORDER.—A notice of appeal from an order served
more than sixty days after the entry of the order is too late.

MOTION to dismiss an appeal from an order of the Superior
Court of Los Angeles County making the indebtedness con-
tracted by a receiver a lien prior and paramount to any other
liens.

The facts are stated in the opinion of the court.

*Allen, McAllister & Frohman,* and *John D. Pope,* for Appel-
lants.

The order determines the right to property.  (1 Freeman on
Judgments, secs. 26, 27; *Forgay* v. *Conrad,* 6 How. 201;
*Thomson* v. *Dean,* 7 Wall. 342; *Stovall* v. *Banks,* 10 Wall. 583;
*Clason* v. *Shotwell,* 12 Johns. *31, *63; *Williams* v. *Morgan,*
111 U. S. 684, 699; *Sharon* v. *Sharon,* 67 Cal. 185.)  The
order under consideration, it seems to us, is as much a final
judgment as an order to pay alimony, and for similar reasons.
(*Sharon* v. *Sharon,* 67 Cal. 185; *White* v. *White,* 86 Cal. 212.)

*Graves, O'Melveny & Shankland,* and *Marble & Phipps,* for
Respondent.

The order in question was not a final judgment.  (*Harris* v.
*San Francisco Sugar Refin. Co.,* 41 Cal. 392, 407; *Seligman* v.
*Kalkman,* 17 Cal. 153; *White* v. *Conway,* 66 Cal. 383; *Gates*
v. *Salmon,* 28 Cal. 320; *Johnston* v. *Dopkins,* 6 Cal. 84.)  Not
being a final judgment, it must have been an intermediate or

interlocutory order, but as it is not one of the cases provided for by statute, no appeal will lie.  (Code Civ. Proc., secs. 939, 963; Hayne on New Trial and Appeal, sec. 195; *Baker* v. *Baker*, 10 Cal. 527; *Wenborn* v. *Boston*, 23 Cal. 321; *Estate of Walkerly*, 94 Cal. 352; *Peck* v. *Courtis*, 31 Cal. 209; *Rochat* v. *Gee*, 91 Cal. 355.)  If the order was appealable, the right of appeal was lost by a failure to serve the notice of appeal within sixty days.  (Code Civ. Proc., secs. 939, 963.)  Appeal after the statutory limit has expired will be dismissed.  (*Towdy* v. *Ellis*, 22 Cal. 650; *Peck* v. *Vandenberg*, 30 Cal. 11; *Waggenheim* v. *Hook*, 35 Cal. 216; *Fairchild* v. *Daten*, 38 Cal. 286; *Holcomb* v. *Sawyer*, 51 Cal. 417; *Lowell* v. *Lowell*, 55 Cal. 317; *Regan* v. *McMahon*, 43 Cal. 625.)  The following cases represent instances in which motions to dismiss were entertained and granted, notwithstanding previous doubts as to jurisdiction of the cause on account of abortive appeal: *Stratton* v. *Graham*, 68 Cal. 168; *Duffy* v. *Greenebaum*, 72 Cal. 157; *Home of Inebriates* v. *Kaplan*, 84 Cal. 486; *Lowrie* v. *Salz*, 75 Cal. 351; *Gray* v. *Winder*, 77 Cal. 526; *Romine* v. *Cralle*, 80 Cal. 627; *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425; *In re Vance*, 88 Cal. 262; *Kirman* v. *Hunnewill*, 91 Cal. 157.

BEATTY, C. J.— These are motions to dismiss the appeal of Alvord and Brown from an order made in the above-entitled action before the entry of the final judgment.

The action is to foreclose a mortgage of the property of a street railway company.  The defendants and cross-complainants, Brown and Alvord — as trustees of the holders of certain bonds of the corporation — have the first mortgage lien, which by the order appealed from is subordinated to the indebtedness contracted by two receivers of the mortgaged property — one (Trask) appointed in this action, and the other (Crank) previously appointed by another department of the same court in another action.

It seems that Crank had been operating the road for a year or two under the orders of the court, when he was superseded by his own consent and the consent of all the parties to this action by the appointment of Trask.  Thereupon he presented a report and account of his receivership, with an application for

its settlement and allowance and for his discharge.   Notice of said application was duly served on all the parties to this action, and Alvord and Brown appeared by their attorneys at the hearing and contested the account.   After the hearing the court made an order reciting the fact that Crank had been duly appointed receiver of the property of the railway company in an action commenced by one Russell; that he took charge of the road and other property; that he operated the road under the orders of the court, and in so doing received and expended money and incurred a considerable indebtedness to the Puente Oil Company, the L. A. Oil Burning and Supply Company, and others, for necessary and proper expenses; for which indebtedness he had by direction of the court issued receiver's certificates.   After other recitals not material here the account of the receiver Crank is approved, and he is directed to turn the property over to Trask, who is required to assume and pay any balance remaining due from Crank, including the indebtedness evidenced by said receiver's certificates, out of the net receipts from the operation of the road, and if this shall prove insufficient then out of the first proceeds of the sale of the property. In short, the order in effect and in express terms makes the indebtedness contracted by the receiver appointed in another action a lien prior and paramount to the liens of any and all of the mortgages, judgments, etc., which are in litigation in this action, and directs the immediate application of the net receipts of the road to its discharge so far as they will go.   This order was made March 2, 1893.   On July 13, 1893, a final decree of foreclosure was entered in the action directing the sale of the mortgaged property subject to the lien of the creditors of the receiver.

On July 12th — one day before the entry of the final judgment, and four months after the making of the above-mentioned order — Alvord and Brown gave notice of their appeal from so much of said order as gives a prior lien to the Puente Oil Company and the L. A. Oil Burning and Supply Company for their claims against the receiver.   Those corporations now move to dismiss the appeal upon the grounds: 1. That the order is not appealable; and 2. That if it is appealable the notice was not served in time.

It is conceded by counsel for appellants that, unless the order appealed from is in effect a final judgment, the motion to dismiss must prevail upon both grounds. The only interlocutory or intermediate orders from which a separate appeal can be prosecuted are those enumerated in subdivision 3 of section 939 of the Code of Civil Procedure, and this order is not included in that enumeration. All other intermediate orders involving the merits or necessarily affecting the judgment are reviewable only on appeal from the judgment itself. (Code Civ. Proc., sec. 956.) And even if this had been an order from which a separate appeal might be prosecuted, the notice of appeal not having been served within sixty days after entry of the order was too late. (Code Civ. Proc., sec. 939.)

The question to be decided is, therefore, as appellants concede, whether the order appealed from is in effect a final judgment.

The statute which authorizes the appointment of a receiver in an action by a mortgagee for the foreclosure of his mortgage (Code Civ. Proc., sec. 564) assumes that the rents and profits of the mortgaged property, pending the litigation, are—like the property itself—subject to the mortgage lien and a part of the fund to which the creditor is entitled to resort for its satisfaction. But it does not follow from this that such rents and profits are, therefore, as much exempt from the control and disposition of the court pending the litigation as the property out of which they issue. The appointment of a receiver is for the benefit of the mortgagee and is made upon his application. It carries with it, therefore, the necessarily implied condition that he is to be answerable for the legitimate costs of the receivership, that— as against him, at least—the receiver shall have a preferred lien upon the funds and estate which come into his hands, and that the rents and income of the property may be applied to the payment of the necessary and proper expenses of the receivership. The parties to the litigation, and all claimants of the fund, are secured against waste or misapplication by the personal liability of the receiver and the sureties on his official bond. To enforce this liability the court may compel the receiver to account for the funds that have come into his hands, and the order settling his account is reviewable in this court, on appeal from the judg-

ment if made before judgment, or on appeal from the order if made after judgment.

In *Rochat* v. *Gee*, 91 Cal. 355, we held that there could be no separate appeal from such an order when entered before final judgment. And so in this case there can be no separate appeal unless the order in question is essentially different from the order made in *Rochat* v. *Gee.*

It is true that this order is unusual, and in some respects peculiar, but as it affects Alvord and Brown it is in nowise different from an ordinary settlement of a receiver's account. The fact that it allows certain claims against the receiver in advance of payment instead of approving them after payment — the more usual course — can make no difference. The merits of such claims can be reviewed on appeal from the judgment, and if their allowance is disapproved the effect will be the same as if they had been first paid and afterwards approved, in the settlement of the receiver's account.

As to that part of the order which directs the payment of these contested claims out of the first proceeds of the sale of the mortgaged property, its enforcement clearly depends upon the entry of a final decree directing such sale, and since there will be an opportunity to appeal from the judgment, before any sale can be made or any of its proceeds disposed of, no rights of the appellants can be prejudiced by denying them a separate appeal from the order if it can be reviewed on appeal from the judgment, as we have no doubt it can, for the final decree necessarily supersedes the order as to this matter, and leaves it of no force except in so far as its directions for the sale of the property and the application of its proceeds conform to the terms of the order.

The appeal is dismissed.

DE HAVEN, J., MCFARLAND, J., FITZGERALD, J., and HARRISON, J., concurred.