[L. A. No. 935.   In Bank. — September 7, 1901.]

## CITY OF LOS ANGELES, Respondent, v. LOS ANGELES CITY WATER COMPANY et al., Appellants.

APPEAL — ORDER SETTLING RECEIVER'S ACCOUNT — FINAL JUDGMENT. — An order settling the accounts of a receiver, and directing the payment of his compensation by one of the parties, although made before there has been a final judgment in the action in which he was appointed, is a final determination of the rights of the parties to the matter then before the court, and an appeal therefrom, as from a final judgment, may be taken within six months after its entry.

MOTION to dismiss appeals from an order of the Superior Court of Los Angeles County settling the accounts of a receiver.   John L. Campbell, Judge.

The facts are stated in the opinion of the court.

White & Monroe, John Garber, and J. S. Chapman, for Los Angeles City Water Company, Appellant.

Graves, O'Melveny & Shankland, for Frank A. Gibson, Receiver, Appellant.

W. F. Haas, and Lee & Scott, for City of Los Angeles, Respondent.

HARRISON, J. — After the commencement of the above action, the superior court appointed a receiver to collect, pending the action, the water rates theretofore collected by the defendant water company.   This order was annulled by this court, May 5, 1899, upon the application of the water company. (*Los Angeles* v. *Los Angeles Water Co.*, 124 Cal. 385.)   Thereafter, the receiver presented his account to the superior court for settlement, and after a hearing thereon, the following entry was made in the minutes of that court, September 23, 1899: "It is ordered that the objection of the defendant to the payment of receiver's compensation from funds in his hand be sustained; that the applications of Alexander Caldwell, county assessor, and Ben E. Ward, city assessor, for the payment of taxes be granted, and objection thereto denied; that $500 per month is a reasonable and proper compensation for said re-

ceiver, and that the same be paid by the city of Los Angeles, and that said account be approved and settled at the sum of $6,901.91, in the hands of the receiver, which he is ordered to pay the defendant."

On the same day, a formal order was prepared and signed by the judge, in which, after reciting the proceedings in reference to the appointment of the receiver and the filing of his account, together with the objections that had been filed thereto, and the hearing of the same, it was by the court ordered and decreed that the account be settled at the amount above stated, and that the receiver pay the said amount to the Los Angeles City Water Company; that the city of Los Angeles pay to the receiver his compensation for services in the amount of $4,916.65, and that, upon filing proper vouchers therefor, he be discharged and his sureties released. This order was not entered in the minutes of the court, nor does it appear to have been filed, but it was entered in the judgment-book of the court, September 25, 1899. The receiver and the city of Los Angeles have appealed from different portions of this order. The Los Angeles City Water Company now moves to dismiss these appeals, upon the ground that they were not taken in time. The right to have this motion granted depends upon the character of the order,—whether it is of such a nature as requires an appeal therefrom to be taken within sixty days after it was filed or entered in the minutes of the court, or whether it is a final judgment, from which an appeal may be taken within six months after its entry.

The orders of the superior court from which an appeal may be taken to this court are designated in subdivision 2 of section 963 of the Code of Civil Procedure, and the time within which the right of appeal from these orders may be exercised is given in section 939 of the Code of Civil Procedure. Certain orders in matters of probate of which this court has appellate jurisdiction are also enumerated in subdivision 3 of section 939, and the time for an appeal therefrom is given in section 1715 of the Code of Civil Procedure. The order from which the present appeal is taken is not one of the orders before judgment mentioned in subdivision 2 of section 963 of the Code of Civil Procedure, nor is it a special order made after judgment, since, at the time it was made, no judgment had been rendered in the action; nor is it one of the interlocutory orders or de-

crees therein named. The right to appeal therefrom does not rest upon any provision in this subdivision of the section.

That any party aggrieved by such order may appeal to this court therefrom is, however, well settled. (*Estate of Welch*, 106 Cal. 427.) In *Grant* v. *Superior Court*, 106 Cal. 324, this court refused to prohibit the superior court from making an order fixing the compensation of a receiver, giving as a reason therefor that if the court should order it to be paid out of the fund in the receiver's hands, "such order, under whatever name it might be designated, would be a final judgment upon a collateral matter arising out of the action, and would be appealable by any party interested in the fund," and that as an appeal could be taken from such order, a writ of prohibition would not lie. This was a clear declaration that the order was appealable, although the time within which the appeal might be taken was not then before the court. In *Hovey* v. *McDonald*, 109 U. S. 150, an appeal had been taken from a decree confirming the account of a receiver, and in discussing the right to appeal therefrom that court said that the proceedings in reference to the account were "a side issue in the case, in which the complainants on the one side and the receiver on the other were the real and interested parties. The decree confirming the auditor's report was, as to this matter, a final decree against the complainants, and in favor of the receiver. The receiver, though not a party in the principal suit, was an officer of the court, appointed in the suit, and was a principal party to the particular question raised by the proceedings referred to,"— and refused to dismiss the appeal. It cited in support of its action *Trustees* v. *Greenough*, 105 U. S. 527, where it was held that although that court could entertain an appeal only from a final decree, yet a decree for the payment to the complainant, out of the trust fund under the control of the court, of the costs and expenses incurred by him for the benefit of the fund, was so far independent of the suit itself as to make the order substantially a final decree for the purposes of an appeal, although there had been no final decree in the suit; saying of the orders: "They are certainly a final determination of the particular matter arising upon the complainants' petition for allowances, and direct the payment of money out of the fund in the hands of the receiver. Though incidental to the cause, the inquiry was a collateral one, having a distinct

and independent character, and received a final decision." The rule thus stated meets with our approval, and we hold that as the order appealed from was a final determination of the rights of the parties to the matter then before the court (Code Civ. Proc., sec. 577), an appeal therefrom as from a final judgment could be taken within six months after its entry.

The question here presented differs from that presented in *Rochat* v. *Gee,* 91 Cal. 355, and in *Illinois Trust etc. Bank* v. *Pacific Ry. Co.,* 99 Cal. 407, in that the orders appealed from in those cases were for the settlement of a receiver's account, which had been passed by the court while he was in the exercise of his office, and did not finally determine the rights of the appellants therefrom. The order appealed from in *Illinois Trust etc. Bank* v. *Pacific Ry. Co.,* 99 Cal. 407, merely declared the priority of a lien to the one held by the appellants, and it was held that as this ruling could be reviewed on an appeal from the final decree, the appellants were not aggrieved thereby. In neither of the cases did the order appealed from direct the payment of any money or the performance of any act by or against the appellant, and, as was said in *Grant* v. *Superior Court,* 106 Cal. 324, "it lacked one essential element of a final judgment."

The motion is denied.

McFarland, J., Temple, J., Garoutte, J., Van Dyke, J., Henshaw, J., and Beatty, C. J., concurred.