[L. A. No. 939. Department One.—December 19, 1901.]

FREE GOLD MINING COMPANY, Respondent, v. JAMES SPIERS et al., Respondents, and MARY E. HEDGES et al., Appellants.

RECEIVER—MINING PROPERTY—PURCHASE OF TAILINGS PLANT—NON-APPEALABLE ORDER—REVIEW UPON APPEAL—DISMISSAL.—An order made pending suit, which authorizes a receiver, appointed to take charge of and work mining property, to purchase a cyanide tailings plant, in order to work a large quantity of tailings of great value, to be paid for out of any funds coming into his hands, is non-appealable, and any error therein should be reviewed upon an appeal from the judgment. A direct appeal from such order must be dismissed.

APPEAL from an order of the Superior Court of San Diego County authorizing a receiver to purchase property. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Harry L. Titus, and Titus & Shaw, for Appellants.

Jefferson Chandler, for Free Gold Mining Company, Respondent.

Graves, O'Melveny & Shankland, W. J. Hunsaker, and White & Monroe, for Defendants, Respondents.

Samuel M. Shortridge, for Receiver, Respondent.

HARRISON, J.—At the commencement of this action the superior court appointed a receiver to take charge and con-

trol of the property involved in the suit,—certain mining grounds and claims, together with the plants situated thereon and used in running the mines,—with power to operate the said mines and plants. The receiver so appointed thereupon took possession of the property, and operated the same as thus directed. In October, 1899, he represented to the court that he had in his possession a large quantity of tailings, of the probable value of a million dollars, and that the same was being increased each day, and that they could be advantageously worked by a process known as the cyanide process, and asked of the court an order authorizing him to purchase and install a cyanide plant for the purpose of working said tailings. Upon hearing his petition, the court made an order directing and authorizing him to purchase and install a cyanide tailings plant, said plant to be of an estimated daily capacity of three hundred tons, and when such plant should be installed that he should operate the same and work and treat said tailings, and further directed him to pay for the purchase and installation of such tailings plant out of any funds that might come into his hands the reasonable contract price or cost thereof. From this order the present appeal has been taken.

The principle involved in the appeal herein was considered in *Rochat* v. *Gee,* 91 Cal. 355, and again in *Illinois Trust etc. Bank* v. *Alvord,* 99 Cal. 407; and under the rule declared in these cases orders of this character cannot be reviewed until after final judgment has been rendered in the action, and that until then an appeal cannot be taken. There may be exceptional cases in which the order would be the final judgment upon a collateral matter arising out of the action, as was the case in *City of Los Angeles* v. *Los Angeles City Water Co.,* 134 Cal. 121, but the present is not within that class of cases. The order herein does not finally determine the rights of the appellants in the property involved in the action or in any part thereof, nor does it direct the performance of any act by or against the appellants, and thus, as was said in *Grant* v. *Superior Court,* 106 Cal. 324, "it lacks one essential element of a final judgment."

It is eminently proper for a receiver to apply to the court by which he was appointed for instruction and authority from time to time as he may need it; and in the order appoint-

ing him herein he was directed to apply to the court for instructions when necessary. The receiver is but the hand of the court, to aid it in preserving and managing the property involved in the suit for the benefit of those to whom it may ultimately be determined to belong. Any order that the court may make upon his application for such direction, whether for the expenditure of money or for the performance of any duty, may, if erroneous, be reviewed upon proper exceptions thereto after final judgment has been rendered, or, in exceptional cases, after the settlement of the final account of the receiver. Such orders usually depend upon the discretion of the court, to be exercised according to the necessities of the case, and require immediate execution in order to be of any avail; but if every order which the court might make for the preservation or proper management of the property in its custody is subject to a direct appeal therefrom, not only would the court be greatly hampered in its efforts to preserve the property, but the interests of all the parties interested might be greatly prejudiced. As was said in *Rochat* v. *Gee*, 91 Cal. 355, "It may happen that those who object to the acts of the receiver during the first part of his administration will be entirely satisfied with the general result and have no objection to the approval of his final account of the whole matter."

The order appealed from is not one of the orders before judgment from which an appeal is authorized under section 963 of the Code of Civil Procedure; and as no judgment has yet been rendered in the action, it is not a "special order made after final judgment," and, as we have seen, cannot be regarded as a final judgment upon a collateral matter arising out of the action. It is an order made in the progress of the action, tending to facilitate the final adjudication of the controversy between the parties, and, under section 956 of the Code of Civil Procedure, any error that may have been committed by the court in making it must be reviewed upon an appeal from the judgment.

The conclusion thus reached renders it unnecessary to consider whether the appellants have become parties to the action or are so "aggrieved" as to entitle them to take an appeal from the order.

The appeal is dismissed.

Garoutte, J., and Van Dyke, J., concurred.