[L. A. Nos. 2791-2792. In Bank.—March 13, 1911.]

TITLE INSURANCE & TRUST COMPANY, Respondent, v. CALIFORNIA DEVELOPMENT COMPANY, Defendant. BOAZ DUNCAN, Intervener, Appellant.

Foreclosure of Deed of Trust Securing Bonds—Receiver—Intervention by Bondholder—Appeal from Order Refusing to Vacate Appointment—Dismissal.—In an action to foreclose a deed of trust securing bonds, in which a receiver had been appointed, and a large bondholder intervened and appealed from an order refusing to vacate the appointment of the receiver, it is held that under the amendment of 1897 to section 963 of the Code of Civil Procedure, a direct appeal might have been taken from the order appointing the receiver; but that the statute allows no appeal from an order refusing to vacate the appointment of a receiver, and the appeal therefrom must be dismissed; and that if appellant has any right to review said order, it must be by means of an appeal from such final judgment as may hereafter be rendered in the action.

Id.—Rule as to Appeal from Interlocutory Order—Designation in Statute Essential.—It is a settled rule that no appeal can be taken from an interlocutory order unless the order be designated by statute as one of those from which an appeal may be taken.

Id.—Exception to Rule as to Motion to Vacate—Order of Refusal Must Be Appealable.—The only exception to the rule that an appeal may be taken from a motion to vacate a previous order is where the appellant was not a party to the original proceeding and could not appeal therefrom, or had no opportunity to present a bill of exceptions therein; but in every case where this course has been allowed the order from which the appeal was sought to be taken was within the class of orders directly appealable by the terms of section 963 of the Code of Civil Procedure.

Id.—Appeals from Orders Authorizing Receiver's Certificates for Improvements—Orders Not Final—Dismissal.—It is held that appeals taken from orders authorizing the issuance of receiver's certificates, to dispose of the same, and expend the proceeds in the construction of a restraining levee, etc., are not final orders or judgments, but may, if erroneous, be reviewed upon proper exceptions upon appeal from the final judgment in the action; and several appeals taken from such orders by the intervener against whom they were not directly made must be dismissed.

Id.—Order for Payment of Money or Acts Done—Test of Appealable Order.—If an order complained of either directs the immediate payment of money by the complaining party or orders acts to be done directly by or against him, it is appealable; but if the order be such in its nature as to be subject to the further action of the court either by decree or subsequent order, the order complained of is not final, and review must be sought by appeal from such decree or order subsequently entered.

MOTIONS to dismiss appeals from orders of the Superior Court of Imperial County. Franklin Cole, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

O'Melveny, Stevens & Milliken, for Respondent.

SLOSS, J.—This action is one to foreclose the lien of a mortgage or deed of trust executed by the California Development Company to plaintiff as trustee to secure the payment of bonds of said Development Company. The complaint was filed on December 12, 1909, and on the same day the court below made and entered an *ex parte* order appointing W. H. Holabird receiver of the property conveyed as security. On January 15, 1910, an order was made by the superior court permitting Boaz Duncan to intervene in the cause and he at once filed his complaint in intervention asserting rights as the holder of a large number of bonds issued by the development company. On March 4, 1910, he made a motion for an order setting aside the order theretofore entered appointing the receiver. This motion was on the sixth day of April, 1910, denied by the superior court. Within sixty days thereafter he served and filed his notice of appeal from the last mentioned order denying his motion.

On April 6, 1910, the superior court made and entered an order authorizing the receiver to issue receiver's certificates to the amount of eighty thousand dollars, to dispose of the same at their face value and spend the proceeds for labor and material and other necessary expenses in the construction of a restraining levee, and to apply revenues resulting from his carrying on of the business of the California Development Company to the payment of such certificates which, by the terms of the order, are declared to be a first lien on the property in his possession. On the same day a second order of like purport was made, authorizing the receiver to issue certificates to the further amount of $216,100 for construction and repair work and general expense. The intervener Duncan promptly served and filed his notices of appeal from both these orders.

The plaintiff and respondent now moves to dismiss the three appeals upon the ground that none of the orders sought to be reviewed is an appealable order.

1. The appeal from the order denying the intervener's motion to vacate the order appointing a receiver.

It is well settled by the decisions of this court that no appeal can be taken from an interlocutory order unless the order be designated by statute as one of those from which an appeal may be taken. Such was the rule under the constitution of 1849 and the Practice Act (*Allender* v. *Fritts,* 24 Cal 447; *Meyers* v. *Mott,* 29 Cal. 359, [89 Am. Dec. 49]), and the same conclusion has been reached in cases arising since the adoption of the constitution of 1879 and the enactment of the Code of Civil Procedure. Thus, in *Illinois Trust and Savings Bank* v. *Alvord,* 99 Cal. 410, [33 Pac. 1133], the court said that "the only interlocutory or intermediate orders from which a separate appeal can be prosecuted are those enumerated in subdivision 3 of section 939 of the Code of Civil Procedure." (See, also, *Rochat* v. *Gee,* 91 Cal. 356, [27 Pac. 670].) Upon the same ground it was held that, prior to the amendment of 1897 to said section 963 of the Code of Civil Procedure (Stats. 1897, p. 209), there was no right of appeal from an interlocutory order appointing a receiver. (*French Bank Case,* 53 Cal. 495; *Emeric* v. *Alvarado,* 64 Cal. 529, 622, [2 Pac. 418].)

In the case at bar the appellant seeks to appeal from an

order (made before judgment) refusing to vacate a prior order appointing a receiver. An order appointing a receiver is, since the amendment of 1897 to section 963 of the Code of Civil Procedure, the subject of direct appeal. The statute does not, however, authorize an appeal from an order refusing to vacate the appointment of a receiver. It would seem clear, therefore, that the attempted appeal now under discussion does not come within the terms of the statute and that, if the appellant has any right to a review of the order complained of, it must be by means of an appeal from such final judgment as may hereafter be entered in the action. (Code Civ. Proc., sec. 956.)

The appellant seeks to avoid the effect of this reasoning by a reference to the decisions of this court holding that an appeal from an order refusing to vacate an appealable judgment or order may be permitted where the party appealing was, without fault on his part, unable to take an effective appeal from the original judgment or order. (*People* v. *Grant,* 45 Cal. 97; *San Jose* v. *Fulton,* 45 Cal. 316; *Green* v. *Hebbard,* 95 Cal. 39, [30 Pac. 202]; *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48]; *Elliott* v. *Superior Court,* 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109]; *Tattenham* v. *Superior Court,* 155 Cal. 205, [100 Pac. 248].) These cases merely declare an exception to the general rule that an order refusing to vacate a prior order is not itself appealable. Where the original judgment or order is not the subject of appeal it cannot be made reviewable by the device of moving to set it aside and appealing from the order denying the motion. (*Estate of Keane,* 56 Cal. 407; *Harper* v. *Hildreth,* 99 Cal. 265, [33 Pac. 1103].) And even where there is a right of appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of. (*Holmes* v. *McCleary,* 63 Cal. 497; *Reay* v. *Butler,* 69 Cal. 572, [11 Pac. 463]; *Larkin* v. *Larkin,* 76 Cal. 323, [18 Pac. 396]; *Goyhinech* v. *Goyhinech,* 80 Cal. 409, [22 Pac. 175]; *Harper* v. *Hildreth,* 99 Cal. 265, [33 Pac. 1103]; *Sutter* v. *Symons,* 100 Cal. 577, [35 Pac. 158]; *Kent* v. *Williams,* 146 Cal. 3, [79 Pac. 527].) The cases last cited are based upon the ground that an order denying a motion to set aside a former order amounts to no more than refusal by the court to reconsider an action already taken and

that the appeal should be from the original order. (*Henly* v. *Hastings*, 3 Cal. 342.) This is a mere rule of practice established by this court without the aid of any statute. As above stated, there have been cases recognizing an exception to the rule. The circumstances which will authorize an appeal from an order refusing to vacate are that the appellant was not a party to the proceeding resulting in the original judgment or order, and for that reason could not appeal therefrom, or that such original judgment or order was made *ex parte*, and the party complaining did not have notice in time to appeal, or had no opportunity to make a bill of exceptions or other record which would present his real grounds of objection. But in every case where this course has been allowed, the order from which an appeal was sought to be taken was within the class of orders made directly appealable by the terms of section 963 of the Code of Civil Procedure. In *People* v. *Grant*, 45 Cal. 97; *San Jose* v. *Fulton*, 45 Cal. 316; *Green* v. *Hebbard*, 95 Cal. 39, [30 Pac. 202]; *Pignaz* v. *Burnett*, 119 Cal. 157, [51 Pac. 48]; and *Elliott* v. *Superior Court*, 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109], the order refusing to vacate was an order made after final judgment, and was, therefore, within the terms of subdivision 2 of section 963. In *Tattenham* v. *Superior Court*, 155 Cal. 205, [100 Pac. 248], the original order complained of was one granting an injunction *pendente lite* and an order refusing to dissolve the injunction would have been subject to direct appeal. (Code Civ. Proc., sec. 963, subd. 2.) In each of these cases, therefore, the court was permitting a direct appeal in a case where such appeal was authorized by the provisions of the code and was merely relieving the appellant from the rule of practice theretofore established to the effect that an order refusing to vacate a prior appealable order, although described as appealable by the statute, could not be made to take the place of an appeal from the original order.

The only theory upon which the court could entertain an appeal from an order refusing to vacate, where such order is not made the subject of direct appeal, would be that the order refusing to vacate is identical with the original order. Such theory is, however, not tenable in reason, and is inconsistent with the rulings of this court. In *Credits Commutation*

*Co.* v. *Superior Court,* 140 Cal. 82, [73 Pac. 1009], the court
below had made an order settling a receiver's account and
directing him to pay certain claims. Thereafter, the petitioner
moved the court to vacate the order, which motion was denied.
From the second order the petitioner appealed, filed a three
hundred dollar undertaking, and claimed that this under-
taking stayed the execution of the order directing the pay-
ment of the claim. His claim was denied by this court upon
the ground that the undertaking had reference only to the
order appealed from and not to the prior order which it
sought to vacate. (See, also, *Reay* v. *Butler,* 69 Cal. 572, [11
Pac. 463] ; *Weldon* v. *Rogers,* 154 Cal. 632, [98 Pac. 1070].)

The view that an order refusing to vacate cannot under
any circumstances be made the subject of direct appeal, unless
it itself be one of a class of orders designated by the code as
appealable, finds further support in *Estate of Cahill,* 142 Cal.
628, [76 Pac. 383], where an attempted appeal from an order
denying a motion to vacate an order setting apart a home-
stead was dismissed upon the ground that the order sought
to be appealed from was not included within the terms of sec-
tion 963 of the Code of Civil Procedure. It is said that the
case last cited was a probate matter, and it is sought to draw
a distinction on the ground that under the constitution, this
court is given appellate jurisdiction only "in such probate
matters as may be provided by law," whereas the like juris-
diction extends to "all cases in equity." But as we have seen,
the grant of appellate jurisdiction in all cases in equity does
not authorize the court to entertain direct appeals from inter-
locutory orders in equity cases, the appellate jurisdiction as to
such orders being no wider than that permitted in probate
cases. Interlocutory orders in equity cases, like all orders in
probate, may be made the subject of direct appeal only when
such appeal is authorized by the statute.

2.   The appeals from the orders authorizing the issuance of
receiver's certificates, to dispose of the same and expend the
proceeds in the construction of a restraining levee, etc.

Whether these orders may be reviewed on appeal from the
final judgment in the action is not here in question. The only
point made by the respondent is that such review may not be
had on direct appeal from the orders complained of. The
orders are not specified in section 963 of the Code of Civil

Procedure as orders before judgment from which an appeal is authorized, nor are they special orders made after final judgment. It is claimed, however, by the appellant, that each order is, in its nature, a final judgment in a collateral proceeding arising out of the action, and that a direct appeal may, therefore, be taken as from such final judgment. In order to determine the character of the orders in question, it may be well to briefly review the decisions of this court dealing with similar questions. In *Rochat* v. *Gee,* 91 Cal. 355, [27 Pac. 670], it was held that a direct appeal could not be taken from an order before judgment approving the account of a receiver. In *Illinois Trust and Savings Bank* v. *Alvord,* 99 Cal. 410, [33 Pac. 1133], an action to foreclose a mortgage on the property of a street-railway company, the court dismissed an appeal from an order declaring certain indebtedness contracted by the receiver in the same action and a receiver in another action a lien prior and paramount to any of the liens in litigation. The opinion states that the enforcement of the order directing the payment of the contested claims out of the first proceeds of the sale of the mortgaged property could not be had until the entry of a final decree directing such sale, and that the appellants could preserve all their rights by an appeal from such final decree. In *Grant* v. *Superior Court,* 106 Cal. 324, [39 Pac. 604], the petitioner sought a writ of prohibition restraining the superior court from making an order fixing the compensation of a receiver in an action pending before it. The petition was denied, this court saying: "The only order which the court proposes to make is one fixing the amount of the compensation. Such an order cannot by itself injure anyone; but if in addition to the order fixing the amount the court should order it paid out of the fund in the receiver's hands, such order, under whatever name it might be designated, would be a final judgment upon a collateral matter arising out of the action, and would be appealable by any party interested in the fund." *Grant v. Los Angeles etc. Ry. Co.,* 116 Cal. 71, [47 Pac. 872], was an appeal from an order such as the one referred to in *Grant* v. *Superior Court,* fixing the compensation of the receiver, taxing such compensation as costs against all the parties, and directing the receiver to apply towards its payment the balance of a fund remaining in his hand.

Motion to dismiss the appeal was denied upon the ground that such order was, in legal effect, a final judgment upon a collateral matter arising out of the action. *Los Angeles* v. *Los Angeles Water Co.,* 134 Cal. 121, [66 Pac. 198], involved an appeal from an order settling the account of a receiver and directing the payment of his compensation by one of the parties. It was held that this was, in effect, an appeal from a final judgment and that the appeal might be taken within six months after the entry of the order. In *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130, [67 Pac. 61], the order authorized a receiver in charge of mining property to purchase and install a cyanide plant and to pay for the cost of such purchase and installation out of any funds that might come into his hands. This was held to be not subject to direct appeal. Finally, in *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753, 756, [96 Pac. 803], it was held that an order requiring the petitioner, not a party to the suit, to pay money to the receiver of an insolvent bank, notwithstanding the fact that a part of the money was claimed by third parties, was a final adjudication of the rights of the parties, and might be made the subject of direct appeal.

From these decisions the following rules are clearly deducible. Where the order requires the payment of money by the party complaining (*Los Angeles* v. *Los Angeles City Water Co.,* 134 Cal. 121, [66 Pac. 198] ; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753, 756, [96 Pac. 803]), or the doing of an act by or against him, the order is in effect final as against such party and may be appealed from by him. If, on the other hand, the order be in its nature such as to be subject, before enforcement or execution, to the further action of the court, either by decree or subsequent order (*Rochat* v. *Gee,* 91 Cal. 355, [27 Pac. 670] ; *Illinois Trust and Sav. Bank* v. *Alvord,* 99 Cal. 410, [33 Pac. 1133] ; *Grant* v. *Superior Court,* 106 Cal. 324, [39 Pac. 604]), the order complained of is not final and review must be sought by means of appeal from the decree or order subsequently entered.

There remains, however, a third class of cases, i. e., those of orders requiring a receiver to make expenditures out of the funds in his hands. It seems difficult to reconcile the decisions dealing with this question. In *Grant* v. *Los Angeles etc. Railway Co.,* 116 Cal. 71, [47 Pac. 872], an order direct-

ing the receiver to apply the funds in his hands toward the payment of his compensation was held to be a final judgment. On the other hand, the appeal dismissed in *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130, [67 Pac. 61], was from an order authorizing the receiver to pay the cost of installation of a cyanide plant out of the funds coming into his hands as a receiver.

The question involved is to some extent one of convenience and policy. Where a court has taken possession and control of property through a receiver, the preservation and proper management of such property can best be effected by permitting the trial court, pending a final hearing of the cause, to direct the receiver in the disposition of the funds coming into his hands, without having its supervisory action subject to the delay and inconvenience incident to repeated and successive appeals from separate orders. This consideration seems to have been the basis of the decision in *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130, [67 Pac. 61], where the court said: "The receiver is but the hand of the court to aid it in preserving and managing the property involved in the suit for the benefit of those to whom it may ultimately be determined to belong. Any order that the court may make upon his application for such direction, whether for the expenditure of money or for the performance of any duty, may, if erroneous, be reviewed upon proper exceptions thereto after final judgment has been rendered, or, in exceptional cases, after the settlement of the final account of the receiver. Such orders usually depend upon the discretion of the court, to be exercised according to the necessities of the case, and require immediate execution in order to be of any avail; but if every order which the court might make for the preservation or proper management of the property in its custody is subject to a direct appeal therefrom, not only would the court be greatly hampered in its efforts to preserve the property, but the interests of all the parties interested might be greatly prejudiced." Similarly, in *Heinze* v. *B. & B. Consolidated Min. Co.,* 129 Fed. 337, [64 C. C. A. 15], the United States circuit court of appeals for the ninth circuit said: "If such an order be held appealable, it follows that every order directing the action of the receiver in the disbursement of any portion of the funds in his hands, and each order approv-

ing his monthly accounts, may be made the subject of an appeal, and the matters involved in the receivership may be brought into this court piecemeal. In a receivership such as this, extending over a long period of time, such a rule would involve burdensome litigation . . ." These expressions were used in reference to an order confirming eight monthly reports of the receiver. In speaking of a further order directing the receiver to pay counsel fees out of the funds in his hands, the court said: "We are unable to see that it stands on different ground from the other appeal. It is true that if the money be paid to the receiver's attorney under the order of court, it is a final disposition of the sum so paid. But the court thereafter still had the receiver's account under its control. If the sums so paid were improperly disbursed, the error in its payment may be reviewed in adjusting the receiver's final account. . . . The argument that the money so paid is a final disposition of so much of the funds in the receiver's hands applies with equal force to any item of the current expense account of the receiver. In each case the money paid is a final payment out of the fund in the receiver's hands. . . ."

If the holdings in *Grant* v. *Superior Court,* 106 Cal. 324, [39 Pac. 604], and *Grant* v. *Los Angeles etc. Ry. Co.,* 116 Cal. 71, [47 Pac. 872], are in conflict with these views, those cases must, to the extent of such conflict, be regarded as overruled by the later decision in *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130, [67 Pac. 61].

Applying the foregoing principles to the case at bar, we find that the orders complained of do not direct the payment of any money by the appellant Duncan, nor do they direct the performance of any act by or against him. In so far as they authorize the receiver to sell receiver's certificates, which are to be a paramount lien on the property, they are not distinguishable from *Illinois Trust and Savings Bank* v. *Alvord,* 99 Cal. 410, [33 Pac. 1133]. In so far as they authorize the receiver to apply the revenues resulting from his carrying on of the business of the defendant corporation to the payment of such certificates, the case presents the same question that was decided in *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130, [67 Pac. 61]. Under the doctrine of the cases cited the orders are not to be regarded as final judgments.

For the foregoing reasons it must be held that none of the three orders in question is appealable. The appeals are dismissed.

Angellotti, J., Shaw, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.