Filed 11/17/21  1141 East 7th Street Note v. Balderacchi CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| 1141 EAST 7TH STREET NOTE, LLC, | D077708 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2016-00000428-CU-OR-CTL) |
| YOLANDA BALDERACCHI et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Dismissed.

Charles L. Abrahams, in pro. per. and for Defendants and Appellants.

Kirby & McGuinn, Martin T. McGuinn, and Dean T. Kirby, for Plaintiff and Respondent.

In 2019, 1141 East 7th Street Note, LLC (Respondent) obtained certain real property located in National City (the Property) through a trustee's sale and nonjudicial foreclosure.  The Property was previously owned by attorney Charles Abrahams, who deeded it to Yolanda Balderacchi.  The Property was subject to a receivership when Respondent purchased it, and Respondent moved the court for an order directing the receiver to turn over possession

and control of the Property. On June 3, 2020, the trial court ordered that the property be turned over from the receiver to the buyer effective June 15, 2020 and directed the receiver to file an updated final accounting by July 8, 2020.

Abrahams and Balderacchi (Appellants) appealed from the June 3, 2020 turnover order. On appeal, they raised various arguments, none of which is related to the appealed order. We requested that the parties file supplemental briefs addressing the appealability of the June 3, 2020 turnover order. We conclude the order directing the receiver to turn over possession of the property is not appealable and dismiss the appeal. (Code Civ. Proc., § 904.1, subd. (a).)[1]

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Abrahams took out a loan secured by a deed of trust on the Property. The deed of trust contained an assignment of rents provision and provided that the transfer of any interest in the Property would constitute an event of default, triggering the lender's right to foreclose. In 2010, Abrahams filed for bankruptcy. When his bankruptcy later converted to chapter 7, a bankruptcy trustee was appointed; the trustee abandoned the Property to Abrahams. In June 2014, Abrahams executed two grant deeds purporting to transfer the Property to Balderacchi. Balderacchi subsequently attested in a sworn declaration that the deeds were executed "for only one purpose and that was to facilitate a loan on the subject Property[,] and [she] did not receive an interest in the subject Property." Abrahams declared it "was necessary" to grant the property to Balderacchi "to refinance the loan in order to pay off [the bank]." Balderacchi subsequently deeded the Property back to Abrahams.

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise stated.

California Bank and Trust (CBT), successor-in-interest to the original lender, contended Abrahams's transfer of the Property to Balderacchi by grant deed triggered a noncurable default on the loan and filed this action (the foreclosure action) in January 2016, initially seeking to judicially foreclose on the Property. CBT's complaint included a cause of action for specific performance of the assignment of rents provision. CBT filed the original complaint against Balderacchi (as the Property's record owner) and other lienholders. Although the original complaint identified Abrahams as the borrower on the loan, it did not name him as a defendant. However, CBT subsequently filed an amended complaint naming Abrahams as a defendant. The case was assigned to Judge Katherine Bacal.

Abrahams and Balderacchi filed a "Notice to Dismiss" CBT's complaint, claiming the court "does not have jurisdiction because the filing of the [c]omplaint requesting foreclosure is a violation of the bankruptcy automatic stay." The "Notice to Dismiss" did not specify a hearing date or otherwise comply with rules applicable to noticed motions. (See § 1003 *et seq*.; Cal. Rules of Court, rule 3.1110.) The court never formally ruled on the "Notice to Dismiss."

In February 2016, CBT moved to appoint a receiver, arguing that the trust deed that pledged the Property as collateral provided for the appointment of a receiver over that collateral in the event of default. On March 10, 2017, after a hearing, the trial court granted CBT's unopposed motion and entered an order appointing a receiver. In a prior appeal, we affirmed the order appointing a receiver. (*California Bank & Trust v.*

3

*Balderacchi*, (Sept. 19, 2018, D072209) [nonpub. opn.], review denied November 28, 2018 (*Balderacchi*).)[2]

Meanwhile, Abrahams filed at least three separate state court actions against CBT, apparently attempting to collaterally attack the foreclosure proceeding. Abrahams has since been declared a vexatious litigant in state court and in bankruptcy court.[3]

In December 2019, the property was sold to Respondent in a trustee's sale and nonjudicial foreclosure.[4] Respondent moved for an order directing the receiver to turn over possession and control of the real property. Abrahams filed an objection on Balderacchi's behalf, raising claims of lack of standing and claiming the foreclosure action was "in violation of the automatic stay according to the Bankruptcy Court." Abrahams stated he would not attend the hearing on the motion "because he is not a party." None of the other defendants opposed the turnover motion.

On June 3, 2020, after a hearing, the court ordered that the property be turned over from the receiver to the buyer, effective June 15, 2020, and

[2] We take judicial notice of this prior appeal. (Evid. Code, §§ 452, subd. (a), 459, subd. (a).)

[3] Abrahams's status as a vexatious litigant does not preclude his appeal here. (*John v. Superior Court* (2016) 63 Cal.4th 91, 93 (*John*) [section 391.7's prefiling requirements do not apply to a self-represented litigant previously declared a vexatious litigant seeking to appeal an adverse judgment or interlocutory order in an action where he was the defendant].)

[4] Respondent was substituted as plaintiff for CBT based upon a transfer of the underlying note and trust deed in November 2019.

directed the receiver to file an updated final accounting by July 8, 2020. On June 15, the receiver turned over possession of the property.[5]

On June 17, Abrahams, "In Pro[.] Per[.] and [as] Attorney for Defendant, Yolanda Balderacchi," filed this appeal, appealing the June 3, 2020 turnover order "and [the court's] previous orders." The notice of appeal also claimed to list various "points . . . that are being appealed from Court of Appeal[] Case No. D072209." Abrahams subsequently designated transcripts to be included in the appellate record, listing 18 hearings, all of which occurred in cases *other than this one*. Appellants were notified they were in default and were afforded an opportunity to correct the reporter's transcript designation but failed to do so. Based on Appellants' failure to correct this defect, in September 2020, this court ordered the appeal would proceed with a clerk's transcript only.

Appellants filed an opening brief on appeal that does not contain a single citation to the record, again contesting jurisdiction and raising claims of a violation of the bankruptcy stay. Specifically, Appellants: (1) argue "[a]n [a]ppeal of [v]oid [o]rders [c]an [b]e [r]aised at [a]ny [t]ime"; (2) reference an order filed by a superior court judge in a separate action filed by Abrahams, which defendants removed to federal court, claiming it shows the state court lacked jurisdiction; (3) claim the "Notice to Dismiss" was deemed admitted because CBT did not respond to it, rendering subsequent orders entered in the trial court "void"; (4) claim the foreclosure action violated the bankruptcy

---

[5]     When the receiver filed the final account and report, he declared under penalty of perjury that he "turned over possession of the [p]roperty pursuant to [the superior] [c]ourt's [o]rder on June 15, 2020."

automatic stay;[6] (5) argue "[t]he [a]pproval of [s]ales of [r]entals [o]wned by a [l]imited [p]artnership and the LLC [p]roperties are [v]oid [o]rders," referencing orders apparently made by the district court; (6) argue Abrahams "was [d]enied his [r]ight to have the [c]ourt [c]onsider the [c]laims [p]rocedure," referencing district court and bankruptcy court proceedings; and (7) claim a motion for summary judgment purportedly filed in bankruptcy court should be granted.

Respondent argues that the order directing transfer of the property is interlocutory and not appealable, requiring dismissal.[7] Further, Respondent contends "the turnover order was correct on the merits," refutes Abrahams's claims regarding violation of the bankruptcy stay and lack of jurisdiction, and argues Appellants have waived their claims by failing to comply with the rules of court. (See Cal. Rules of Court, rule 8.204(a) [requiring appellant to identify the order appealed from, explain why that order is appealable, provide a summary of facts limited to matters in the record, and support each reference to a matter in the record with a citation to the volume and page number of the record where the matter appears].) In a separate motion,

---

[6]     In connection with this argument, Appellants argue that the court erred when it appointed the receiver. This is the only argument raised on appeal regarding the receivership. As previously indicated, the order appointing the receiver was affirmed in a prior appeal, *Balderacchi*, *supra*, D072209.

[7]     Respondent raised the issue of appealability in its appellate brief but did not separately move to dismiss the appeal.

Respondent seeks sanctions for filing a frivolous appeal and a prefiling order declaring Abrahams a vexatious litigant.[8]

We requested that the parties provide supplemental briefing addressing whether the June 3, 2020 turnover order is an appealable order, including whether it is appealable as a form of mandatory injunction, and, if so, whether the appeal should be dismissed as moot.

DISCUSSION

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)

An order granting a mandatory injunction is an appealable order. (§ 904.1, subd. (a)(6).) An order appointing a receiver is also appealable. (*Id.*, subd. (a)(7).) An order settling the account of a receiver and directing the payment of the receiver's compensation by one of the parties is appealable as a final order against that party. (*Steinberg v. Goldstein* (1954) 122 Cal.App.2d 516, 518.) However, interim orders directing a receiver to perform various acts have been held to be nonappealable. (*Title Insurance & Trust Co. v. California Development Co.* (1911) 159 Cal. 484, 492-494 (*Title Insurance*) [order authorizing receiver to issue receiver certificates and impose lien on receivership property not appealable]; *Free Gold Mining Co. v.*

---

[8] We deny Respondent's motion and accompanying request for judicial notice. We acknowledge that, under section 391, a Court of Appeal may declare a defendant appellant to be a vexatious litigant in the first instance during the course of an appeal from litigation the defendant did not file. (*John*, *supra*, 63 Cal.4th at p. 99.) However, because we determine the present appeal must be dismissed, we decline to do so here.

*Spiers* (1901) 135 Cal. 130, 132 (*Free Gold Mining Co.*) [order approving receiver's request to install plant at receivership estate not appealable].)

Appellants' notice of appeal purports to appeal from the June 3, 2020 turnover order, the trial court's "previous orders," and various "points . . . that are being appealed from Court of Appeal[] Case No. D072209." The only potentially appealable order referenced in the notice of appeal is the June 3, 2020 turnover order. In its supplemental brief, Respondent contends the turnover order is interlocutory and is therefore not appealable. Respondent acknowledges that any order which directs a receiver to take action is arguably akin to an order granting a mandatory injunction, which is an appealable order. (See *Canaan Taiwanese Christian Church v. All World Mission Ministries* (2012) 211 Cal.App.4th 1115, 1118, fn. 1 [order compelling a person to perform a particular act constitutes a mandatory injunction and, as such, is an appealable order under section 904.1, subdivision (a)(6)].) However, Respondent correctly observes that interim orders directing a receiver to perform various acts are not appealable.[9] (*Title Insurance*, *supra*, 159 Cal. at p. 492; *Free Gold Mining Co.*, *supra*, 135 Cal. at p. 132.)

In *Title Insurance*, our Supreme Court observed: "The question involved is to some extent one of convenience and policy. Where a court has taken possession and control of property through a receiver, the preservation

---

[9]     Appellants timely filed a supplemental brief but did not address the issues of appealability or mootness. Rather, they reiterated many of the arguments raised in the opening brief on appeal. Appellants' arguments regarding the appointment of the receiver are not cognizable on this appeal or any future appeal. (*Hanlon v. Western Loan & Building Co.* (1941) 46 Cal.App.2d 580, 605 [where appeal from order appointing receiver was decided adversely to appellants, review of that order was not permitted on later appeal from subsequently entered appealable order].)

and proper management of such property can best be effected by permitting the trial court, pending a final hearing of the cause, to direct the receiver in the disposition of the funds coming into his hands, without having its supervisory action subject to the delay and inconvenience incident to repeated and successive appeals from separate orders." (*Title Insurance*, *supra*, 159 Cal. at p. 492.) Following *Title Insurance*, courts have held that interim orders directing receivers to undertake various actions to manage the receivership estate are not appealable. (See *Schwartz v. Schwartz* (1970) 5 Cal.App.3d 133, 139-140 [holding that, under *Title Insurance*, interim orders directing receivers to pay attorney fees are not appealable].)

Here, the trial court's June 3, 2020 order directed the receiver to turn over possession of the property from the receiver to the buyer and further directed the receiver to file an updated final accounting. No judgment or final accounting has been entered in the case. The appealed order does not settle the receiver's account or direct payment of the receiver's compensation; it directs the receiver to take certain interim actions to manage the Property and wind down the receivership. This type of order—directing the receiver to turn over possession of the property—is not appealable.[10] (*Title Insurance*, *supra*, 159 Cal. at p. 492.) Abrahams has established no basis to treat the appeal from a nonappealable order as a petition for writ of mandate, so the

---

[10] Because we conclude the appeal was taken from an unappealable order and must be dismissed, we decline to consider whether the appeal should be dismissed as moot because the notice of appeal was not filed until two days after the effective date of the turnover order. (See *Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10 ["the appellate court cannot render opinions ' " . . . upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it" ' "].)

appeal must be dismissed.  (*Montano v. Wet Seal Retail, Inc.* (2015) 7 Cal.App.5th 1248, 1260.)

## DISPOSITION

The appeal is dismissed.  Respondent is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


GUERRERO, J.

WE CONCUR:



HALLER, Acting P. J.



IRION, J.