María Dolores Santiago Rivera Vda. de Costas, demandante y apelada, *v.* Julio Benvenutti y Belén Caballero de Benvenutti, demandados; Isabel Torres de Amy, interventora y apelante.

No. 6022.—*Sometido:* Abril 11, 1932. *Resuelto:* Abril 15, 1932.

*C. Domínguez Rubio,* abogado de la apelante; *Tous Soto & Zapater,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Aparece de los autos en este caso que María Dolores Santiago radicó demanda en cobro de dinero contra Julio Benvenutti y Belén Caballero de Benvenutti, y solicitó y obtuvo una orden de embargo, en virtud de la cual se embargó ganado de la propiedad de los demandados.

Posteriormente los mismos bienes fueron embargados respectivamente, en acciones de la misma índole promovidas por el Crédito y Ahorro Ponceño, el National City Bank, Isabel Torres viuda de Amy, la Central Aguirre Sugar Company y el Banco Territorial y Agrícola.

La interventora y apelante, Isabel Torres viuda de Amy, alega tener una preferencia para el cobro de su crédito basándose en que el ganado embargado estaba, alrededor de la fecha de los embargos, en la finca arrendada por ella al demandado Julio Benvenutti. La mayor parte de los bienes embargados fué colocada bajo la custodia de Francisco A. Santini, designado depositario de dichos bienes.

Los demandados Julio Benvenutti y Belén Caballero de Benvenutti, solicitaron el nombramiento de un síndico para

la administración de los bienes embargados, con admisión de fianza, y sin remuneración alguna. A esta solicitud se allanaron todos los demandantes con excepción de la interventora, Isabel Torres viuda de Amy.

La demandante María Dolores Santiago, en moción presentada a la corte, solicitó que se ordenase al depositario Francisco A. Santini que de los fondos en su poder procedentes de los frutos del ganado embargado se pague a la mencionada demandante la cantidad de $3,714 por ocupación de las fincas que fueron cedidas en arrendamiento a los demandados.

En apoyo de esta moción, María Dolores Santiago alega entre otras cosas que de acuerdo con la escritura de arrendamiento, acompañada a la demanda como fundamento de la misma, el canon convenido fué de $7,000 anuales, o sea $583.33 1/3 mensuales; que el ganado embargado a los demandados fué depositado bajo la custodia de Francisco A. Santini y que éste ocupó desde la fecha del embargo las fincas arrendadas con el referido ganado, teniendo en su poder fondos bastantes para satisfacer los cánones de arrendamiento devengados desde la fecha de dichos embargos; que el referido depositario con el fin de poder utilizar las fincas referidas subarrendó a Julio Benvenutti las mismas por el mismo canon de arrendamiento convenido y término de quince años.

A esta moción se opuso también la apelante Isabel Torres Vda. de Amy. Ambas mociones fueron vistas en corte abierta con asistencia de todas las partes, quienes se allanaron a la concesión de lo solicitado con excepción de la apelante. La Corte de Distrito de Guayama resolvió ambas mociones favorablemente, designando a Francisco Antonio Santini síndico de los bienes embargados, bajo la prestación de una fianza por $5,000 y sin derecho a remuneración alguna, y autorizando al síndico para que de los fondos en su poder, así como de los que obtenga con la venta del ganado embargado, con autorización de la corte, vaya abonando a

la demandante, María Dolores Santiago y Rivera, el importe de los cánones de arrendamiento a partir de la fecha en que fué ocupada la propiedad por el depositario y a razón de $583.33 1/3 mensuales hasta cubrir la suma de $3,714.

Contra esta resolución se interpuso recurso de apelación por la interventora Isabel Torres viuda de Amy, y ahora comparece la demandante y apelada, María Dolores Santiago, solicitando la desestimación del recurso, por no ser apelable la orden dictada por la corte inferior ni en cuanto nombra a un síndico ni en cuanto ordena a dicho síndico disponga de una cantidad de los fondos en su poder para el pago de ciertos cánones de arrendamiento de la finca ocupada por Francisco A. Santini en su carácter de depositario del ganado embargado. También se alega que la parte interventora y apelante no es parte en este caso ni resulta perjudicada o afectada por la orden de la corte por no ser reembargables los bienes embargados.

■ Esta Corte Suprema ha sostenido en repetidas decisiones que una orden nombrando un síndico es inapelable, y por lo tanto la apelación de esta orden debe desestimarse.

■ En cuanto a la cantidad de dinero que se ordena pagar a la parte demandante y apelada de los fondos en poder del síndico, procede determinar si este pronunciamiento de la corte se encuentra comprendido o no dentro de las disposiciones del artículo 295 del Código de Enjuiciamiento Civil. No se trata en este caso de una orden comprendida dentro del inciso tercero del mencionado artículo. Tampoco puede aplicarse el inciso segundo, porque no se trata de una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior. Eliminados estos dos incisos de nuestra consideración tócanos únicamente resolver si se trata o no en este caso de una sentencia definitiva, que resuelva por completo y sin necesidad de ulteriores procedimientos los derechos de las partes en lo que se refiere a la cantidad que se ordena pagar a la parte

demandante y apelada con fondos procedentes de la administración.

De la transcripción de autos radicada en este caso aparece únicamente que la demandante y apelada promovió una acción en cobro de pesos contra Julio Benvenutti y Belén Caballero de Benvenutti. Como la demanda original no aparece transcrita en los autos, ignoramos cuáles son sus alegaciones y fundamentos, aunque parece deducirse que se trata de una acción sobre pago de cánones de arrendamiento. Sabemos que se ordenó al síndico pagar a la demandante y apelada, María Dolores Santiago, la cantidad de $3,714. Entendemos que esta orden de pago determina definitivamente los derechos de las partes con respecto a esta suma que forma parte de los bienes embargados. Si María Dolores Santiago hubiese promovido una acción para obtener el pago de esta suma y se hubiese resuelto el litigio a su favor, la sentencia recaída no le hubiera reconocido un derecho superior al que ha obtenido en virtud de la sentencia de la corte inferior ordenando al síndico el pago de la mencionada cantidad. Se trata, en nuestro concepto, de una sentencia definitiva. Es verdad que los demandados se allanaron al pago de esta suma, pero la parte interventora se opuso y como se trata de bienes afectados por el embargo, en los cuales dicha parte interventora reclama un derecho de prelación, es evidente que dicha parte resulta afectada por este pronunciamiento que tiene todo el carácter de una sentencia definitiva.

No está de más hacer constar que la corte declara en su resolución que el canon de arrendamiento aceptado por el depositario le parece en un todo excesivo actualmente. Agrega la corte inferior que dicho canon fué convenido en época en que la propiedad inmueble tenía un gran valor, que es de todos conocida la situación actual y la depresión que ha sufrido la propiedad inmueble en Puerto Rico, y que la corte se ve obligada a aceptar, aunque no muy gustosamente, el canon establecido sin perjuicio de que la parte opositora indique una manera de solucionar este problema para con-

seguir economías que serían beneficiosas para todos. La corte aconseja al depositario, hoy síndico en virtud de la orden del tribunal, y a todas las partes que hagan las gestiones necesarias para que dicho canon de arrendamiento sea reducido o para que se trate de obtener otra propiedad en la cual pueda cuidarse el ganado y explotarse debidamente la vaquería en las mismas condiciones en que se hace actualmente.

Examinemos ahora la jurisprudencia establecida por los tribunales, interpretando disposiciones idénticas a las comprendidas en el artículo 295 del Código de Enjuiciamiento Civil. La doctrina sentada por la Corte Suprema de Colorado en el caso de *Standley* v. *Hendrie,* 55 Pac. 723, puede ser aplicada al presente caso. Nos abstenemos de hacer una relación concisa de los hechos en este caso porque entendemos que una copia de las partes pertinentes de esta decisión llena completamente nuestros propósitos. De la opinión de la Corte Suprema de Colorado extractamos lo siguiente:

"En agosto de 1897 los apelados, que ahora solicitan la desestimación de esta apelación, radicaron su demanda contra The Crown Point & Virginia Gold-Mining Co., siendo el objeto de esta acción obtener el nombramiento de un síndico para liquidar los negocios de dicha compañía. Se nombró un síndico. Los apelantes, con la excepción de Mayhew, intervinieron con el propósito de proteger sus derechos en la propiedad en la cual la compañía estaba interesada, alegando que ellos eran acreedores hipotecarios de la compañía, y que habían ejecutado sus hipotecas y vendido la propiedad bajo decretos de ejecución, y retenido certificados al efecto. Mayhew también radicó su petición de intervención con el mismo propósito, alegando que sus derechos en la propiedad, en la cual se alegaba que la compañía tenía un interés, eran superiores a tal interés en virtud de derechos adquiridos bajo las ventas en ejecución. Se alegó que los derechos de todos estos acreedores interventores de la compañía surgieron con anterioridad al comienzo de esta acción. En la administración de la propiedad por el síndico se incurrió en deudas, y el presente síndico radicó su petición solicitando autorización para expedir certificados de deuda a fin de satisfacer estos reclamos, y solicitó además que tales certificados constituyesen un gravamen sobre la propiedad de la compañía. Los apelados que radicaron la moción para desestimar esta apelación, comparecieron en la vista de

la misma y urgieron que fuese concedida. Los apelantes se opusieron. La sentencia de la corte autorizaba al síndico a expedir certificados por una cantidad de $5,067.60 y una suma adicional de $1,000 para ser utilizada en la futura preservación y protección de la propiedad, y ordenaba que tales certificados constituirían un gravamen en la propiedad, superior a la deuda hipotecaria, a los títulos expedidos por el "sheriff", o "judgment liens", bajo los cuales los apelantes alegan o ser dueños de la propiedad o tener derecho a un gravamen en la misma. Esta sentencia o decreto ha sido traída a esta corte por los apelantes para ser revisada en apelación, y ahora los apelados antes mencionados solicitan que dicha apelación sea desestimada por las razones siguientes: . . . . . segundo, que no se trata de una sentencia final; tercero, que la apelación no procede contra los apelados por la razón de que ellos no fueron parte al procedimiento que originó dicha apelación, porque tales procedimientos fueron promovidos a solicitud del síndico; . . . . .

"\[*\]         \*         \*         \*         \*         \*         \*

"2. Una sentencia que fija los derechos de las partes en la acción en qué ha sido dictada y no deja nada por hacer antes que dichos derechos sean determinados, es definitiva. Lipe v. Fox, 21 Colo. 140, 40 Pac. 353; Dusing v. Nelson, 7 Colo. 184, 2 Pac. 922; Daniels v. Daniels, 9 Colo. 133, 10 Pac. 657. En el último caso la corte copia, con aprobación, de Sharon v. Sharon (Cal.) 7 Pac. 456, lo siguiente: 'Una sentencia final no es necesariamente la última sentencia en una acción. Una sentencia que es conclusiva sobre cualquier cuestión en un caso, es final con respecto a tal cuestión. El Código autoriza una apelación de una sentencia definitiva y no de la sentencia definitiva en una acción.' De modo que la fórmula aplicable es que si la sentencia pronunciada es de la naturaleza de una sentencia definitiva y si realmente lo es sobre la cuestión adjudicada, entonces se convierte en una sentencia definitiva, o, en otras palabras, cuando la sentencia pronunciada es final con respecto a los derechos de las partes en la cuestión envuelta y resuelta, y separable de cualquier otra que pueda ser dictada en la acción, entonces, con respecto a tal cuestión, es una sentencia definitiva. Trustees v. Greenough, 105 U. S. 527; Guarantee T. & S. D. Co. v. Philadelphia R. & N.E.R. Co. (Conn.) 38 Atl. 792; In re Farmers' Loan & Trust Co., 129 U. S. 206, 9 Sup. Ct. 265. Las cuestiones presentadas a la corte inferior y determinadas en este procedimiento fueron el montante de deudas incurridas bajo la administración del presente síndico y sus predecesores, qué cantidad adicional fué necesaria para el uso del síndico en el desempeño de su administración

y cómo el montante así determinado sería acreditado y asegurado; el decreto en este último respecto, según se ha dicho anteriormente, ordena que los certificados que el síndico fué autorizado a expedir constituirían un primer gravamen sobre la propiedad de la compañía. En esta moción nosotros no nos hemos detenido a considerar los méritos de la controversia, ni cuáles puedan ser los derechos de las partes respectivas; pero, según nosotros entendemos, los apelantes alegan que el gravamen de los certificados del síndico es considerado superior a los suyos en ciertas propiedades. Si estos certificados son expedidos en cumplimiento de la orden querellada, y obtenidos por determinadas partes mientras la orden decretando el gravamen constituído para su seguridad permanece sin revocar, nosotros no vemos cómo podría ser posible para la corte, en el curso subsiguiente de los procedimientos en este caso con respecto al mismo objeto, decir que los tenedores de tales certificados debían establecer su derecho de prioridad de pago independientemente de la orden bajo la cual dichos certificados fueron expedidos, sino que por el contrario bajo tal orden o decreto tales tenedores de bonos tendrían derecho al gravamen provisto para su seguridad. Conforme a la alegación de los apelantes, esta orden ha cambiado su relación con respecto a la propiedad de dicha compañía y desplaza sus derechos en perjuicio suyo; y en la cuestión con respecto al montante por el cual estos certificados pueden ser expedidos y el gravamen que llevan consigo contra lo que los apelantes alegan ser sus derechos, la decisión es definitiva.

"3. Esta acción fué originalmente instituída por los apelados que ahora piden la desestimación de esta apelación. Fué a su instancia que un síndico fué nombrado, bajo cuya administración, o aquella de sus predecesores, los gastos que ahora se han convertido en un gravamen sobre la propiedad, superior al de los apelantes, fueron incurridos. La sentencia de la cual se querellan los apelantes fué dictada a instancias del síndico . . . . . Cualquier parte interesada tendría derecho a objetar a los pasos dados por el síndico y a que tales objeciones fuesen discutidas y determinadas por la corte en la cual la acción estaba pendiente. Tal persona también tendría el derecho de ser oída sobre cualquier solicitud que el síndico pudiera dirigir a la corte; y las órdenes en relación a sus actos siendo para el beneficio de todos, necesariamente se concluye que si se dicta una orden con la cual las partes interesadas no están conformes, sino que se sienten agraviadas, y que es de tal carácter que puede ser revisada en apelación, es necesario que aquellos que presten su asentimiento tengan una oportunidad de ser oídos en tal apelación, y los

apelantes son por lo tanto no sólo propias partes, sino necesarias a esta acción en esta corte.''

La Corte Suprema de California sostiene idéntica doctrina en los casos de *Los Angels* v. *Los Angeles C. Water Co.,* 134 Cal. 121; *Estate of Welch,* 106 Cal. 427, y *Grant* v. *Superior Court,* 106 Cal. 324. En el caso de Los Angeles v. Los Angeles, *supra,* la Corte Suprema de California dice que cualquier parte agraviada por una orden de esta naturaleza puede apelar a dicha corte, siendo esta doctrina bien reconocida. En Grant v. Superior Court, *supra,* la Corte Suprema de California se negó a expedir un auto de prohibición para que la corte inferior se abstuviera de expedir una orden fijando la compensación de un síndico, dando como una razón que si la corte inferior ordenaba el pago de dicha compensación de los fondos en poder del síndico, tal orden, bajo cualquier nombre que pudiese designarse, sería una sentencia definitiva en una cuestión colateral derivada de la acción y sería apelable por cualquier parte interesada en el fondo, y que, puesto que una apelación podía ser interpuesta de tal orden, el auto de prohibición no debía expedirse. La misma doctrina ha sido sostenida en el caso de *Trustees* v. *Greenough,* 105 U. S. 527.

La parte interventora y apelante embargó con posterioridad a la demandante y apelada, María Dolores Santiago, los mismos bienes embargados por esta parte. La corte inferior en la resolución apelada autoriza al síndico para llevar a cabo ventas privadas del ganado embargado y para pagar a la demandante y apelada la mencionada cantidad de $3,714 de los fondos en su poder, así como de los que obtenga por la venta del ganado embargado. La interventora y apelante alega un derecho de prelación sobre estos bienes. Es claro y evidente que la sentencia dictada afecta a dicha parte en los derechos alegados. En esta moción sobre desestimación de apelación nos limitamos exclusivamente a considerar los derechos de las partes en la forma en que

han sido alegados sin penetrar en los méritos de las cuestiones envueltas como podríamos hacerlo en apelación.

*Por las razones expuestas entendemos que no procede la apelación en lo que se refiere al nombramiento de síndico y que debe desestimarse la moción de la parte apelada en los demás extremos de la misma.*

El Juez Asociado Señor Wolf no intervino.