MARÍA DEL PILAR BECERRIL VDA. DE CERRA y ENRIQUE y MARÍA DEL CARMEN CERRA BECERRIL, demandantes y apelados, *v.* DOMINGO CERRA, demandado y apelado, y THE UNITED PORTO RICAN BANK, demandado y apelante.

No. 6462.—*Sometido:* Marzo 15, 1934. *Resuelto:* Febrero 12, 1935.

*F. González, Jr.,* abogado de la apelante; *Arturo Aponte,* abogado de los demandantes apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Doña María del Pilar Becerril viuda de Cerra y sus hijos Enrique y María del Carmen Cerra Becerril presentaron demanda en marzo de 1933 en la Corte de Distrito de Humacao contra Domingo Cerra y contra The United Porto Rican Bank alegando que en mayo de 1930 dieron en arrendamiento a Domingo Cerra hasta el 30 de junio de 1934 una finca rústica de 1029 cuerdas de terreno, nombrada "Convento" y tres pequeñas por canon de $10,000 anuales pagaderos por trimestres adelantados, comprometiéndose el arrendatario a pagar las contribuciones de las fincas; que en posesión Domingo Cerra de esos terrenos dedicó parte de ellos a la siembra de cañas y en 6 de junio de 1930 celebró un contrato de refacción con la demandada The United Porto Rican Bank, que fué anotado en el registro de contratos agrícolas de Humacao, por el cual gravó todas las plantaciones de cañas que tengan esas fincas y los azúcares que produzcan a favor de dicho banco para asegurar el pago de los anticipos refaccionarios que le hiciera y sus intereses hasta el 30 de junio de 1933 y hasta que el banco sea completamente satisfecho del importe total de su crédito; que el arrendatario tiene en las fincas varias plantaciones de cañas que han de ser cortadas de enero a junio de 1933, sembradas antes del 6 de junio de 1930 y que Domingo Cerra no ha pagado las contribuciones ascendentes a $7,135.86, dando lugar a que las fincas hayan sido embargadas por el Tesorero de Puerto Rico; que tampoco ha pagado a los demandante los cánones de arrendamiento desde el 1 de julio de 1931, que suman $15,000; y que

el banco sabe que Domingo Cerra se halla insolvente, no teniendo más bienes de fortuna que las cañas mencionadas. Por esas alegaciones solicitaron los demandantes sentencia que condene a Domingo Cerra a pagarles $7,135.86 para satisfacer las contribuciones, más los $15,000 debidos por cánones de arrendamiento y los trimestres que vayan venciendo hasta que entregue las fincas; que declare que esas cantidades gozan de preferencia sobre cualquier cantidad que The United Porto Rican Bank haya entregado a Domingo Cerra con motivo del contrato de refacción mencionado, decretando también que las cañas que existen en las fincas se hallan afectas preferentemente a los créditos de los demandantes para hacerlos efectivos con el producto de dichas cañas antes que cualquiera otra persona, inclusive The United Porto Rican Bank; y que éste no tiene derecho a cobrarse nada de esas cañas hasta que los demandantes hayan cobrado íntegramente sus créditos.

En el mes de junio siguiente los demandantes presentaron moción a la corte manifestando que radicada la demanda se procedió al embargo de las plantaciones de cañas existentes en las fincas objeto del litigio, a los efectos de asegurar la efectividad de la sentencia que pueda recaer en definitiva; que conjuntamente con la demanda se radicó por los demandantes una petición solicitando el nombramiento de un síndico que atendiera las plantaciones de cañas y que procediera, de acuerdo con lo que ordenara el tribunal, a desempeñar todas las demás funciones que le fueran encomendadas, que en vez de procederse en seguida al nombramiento de un síndico el demandado Cerra fué encargado de la molienda de las cañas mediante contrato que celebraría al efecto con The Fajardo Sugar Co. of Porto Rico, debiendo depositarse el producto de las cañas en la secretaría de la corte, sujeto a todas las resultancias del litigio y a todas sus incidencias; que terminada la zafra en The Fajardo Sugar Co. of Porto Rico sin que pudiera moler todas las cañas objeto del litigio, los demandantes procedieron entonces a presentar otra solicitud

sobre nombramiento de síndico, a los efectos de que tal síndico evitara que se perdieran las cañas que estaban sin moler y actuara inmediatamente moliendo las mismas en alguna otra factoría; que la corte de distrito después de la correspondiente discusión y argumentación por las partes nombró un síndico, quien prestó el juramento del cargo entrando a desempeñarlo; que el tiempo que duró la molienda de las cañas en The Fajardo Sugar Co. of Porto Rico y el transcurrido hasta que terminó la zafra de la Central Pasto Viejo en la cual se molieron las últimas cañas de Domingo Cerra asciende a cuatro meses cinco días durante los cuales los demandantes tienen derecho a una cantidad razonable por el uso del terreno objeto del litigio, prescindiendo de la sentencia que pueda recaer en definitiva, cantidad que habrá de consistir en no menos de $833.35 mensuales, en total $3,472.21, que los demandantes deben recibir. Por esas manifestaciones suplicaron de la corte ordenase que de los fondos existentes en secretaría y que se hallan sometidos a la sindicatura se les entregue a los demandantes la suma de $3,472.21 en concepto del valor razonable del uso de los terrenos de la hacienda "Convento".

El demandado Cerra estuvo conforme con esa petición pero The United Porto Rican Bank se opuso a ella, alegando entre otras cosas que los demandantes no tienen derecho alguno a lo que solicitan porque los productos de esas cañas están sujetos al gravamen refaccionario del banco, que es preferente a la reclamación que ellos hacen; porque el dinero depositado en la secretaría de la corte no está ni ha estado nunca en manos del síndico y se obtuvo y se depositó en la secretaría del tribunal mediante estipulación escrita de las partes; porque estando embargado no puede disponerse de ese dinero sino por sentencia final; que en la finca "Convento" sólo hay sembradas 443 cuerdas que es por lo único que en todo caso habría que pagar desde que se nombró el síndico, que fué el 17 de mayo de 1933; que la cantidad reclamada es excesiva toda vez que no debería pagarse más

de un dólar por cuerda al año en cuanto al terreno que está sembrado de cañas y porque ya la corte ha resuelto que se pague al Pueblo de Puerto Rico lo que le es debido por contribuciones. Esa moción fué resuelta por la corte de distrito por su orden de 30 de junio de 1933, dictada por un juez interino, decretando, después de oír a las partes, que el secretario del tribunal entregue a los demandantes la cantidad de $2,754.99 como importe del uso del terreno desde febrero 3 a junio 8 de 1933, sin que por esto se entienda prejuzgado ningún derecho que pueda asistir a las partes. Contra esa orden interpuso el expresado banco el presente recurso de apelación, en el que no han comparecido los demandantes.

██ La orden objeto de este recurso es apelable según lo resuelto en el caso de *Santiago* v. *Benvenutti y Torres,* 43 D.P.R. 358.

Las alegaciones de la demanda suscitan claramente ante la corte la cuestión de que los demandantes tienen derecho a cobrar con las cañas sembradas por su arrendatario lo que éste es en deberles como consecuencia del contrato de arrendamiento celebrado entre ellos, con preferencia a cualquier otro acreedor de su arrendatario inclusive The United Porto Rican Bank, que es un acreedor refaccionario a quien la ley sobre contratos de refacción agrícola concede preferencia, desde la fecha de la inscripción de su contrato en el registro de contratos agrícolas, a los créditos posteriores de cualquier otra naturaleza, con excepción de los créditos por contribuciones, en cuanto a los frutos objeto del gravamen refaccionario durante los años comprendidos en el contrato y siempre hasta que el acreedor sea completamente satisfecho del importe total de su crédito. Por consiguiente, mientras no se decida por sentencia que los arrendadores pueden cobrar con el producto de las cañas sembradas en su finca por el arrendatario, con preferencia al banco refaccionista a quien la ley concede preferencia para el cobro de sus créditos contra cualquier otro crédito posterior a la anotación en el registro de su contrato de refacción, con excepción del cobro

por contribuciones, no puede ordenarse que los actores cobren cantidad alguna del producto de las cañas objeto de la refacción por el uso de los terrenos por el síndico nombrado en este pleito.

*La orden apelada debe ser revocada y dictarse sentencia declarando sin lugar la moción de los demandantes de 23 de junio de 1933.*