MARÍA DEL PILAR BECERRIL, VDA. DE CERRA, y ENRIQUE y MARÍA DEL CARMEN CERRA BECERRIL, demandantes y apelados, *v.* DOMINGO CERRA y THE UNITED PORTO RICAN BANK, demandados y apelantes.

Núm. 6766.—*Sometido:* Junio 2, 1936. *Resuelto:* Julio 30, 1936.

*Jorge L. Córdova,* abogado del Banco apelante; *Arturo Aponte,* abogado de los apelados.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

Por escritura de 9 de mayo de 1930, los demandantes dieron en arrendamiento al demandado Domingo Cerra la hacienda "Convento", del Municipio de Fajardo, por un término de cuatro años y medio que había de expirar el 30 de junio de 1934, fijándose como canon la suma de $10,000 anuales y comprometiéndose el arrendatario a pagar las contribuciones que se impusieren a la finca arrendada.

El demandado entró en posesión de las fincas, dedicándolas en parte al cultivo de cañas de azúcar; y en 6 de junio de 1930, dicho demandado celebró un contrato de refacción con la otra parte demandada, The United Porto Rican Bank, por el que afectó y gravó todas las plantaciones de cañas existentes en las fincas, y los azúcares que éstas produjeran, para garantizar al banco el pago de los anticipos refaccionarios. Dicha garantía se constituyó por el mismo término del arrendamiento.

El arrendatario Cerra dejó de pagar las contribuciones impuestas a las fincas, desde que se hizo cargo de ellas, por la suma de $7,135.86. El gobierno embargó las fincas en cobro de dichas contribuciones.

Habiendo también dejado de pagar dicho arrendatario los cánones de arrendamiento comprendidos desde julio 1, 1931, a diciembre 21 de 1932, montantes a $15,000, la demandante notificó esa falta de pago al banco demandado, requiriéndole para que como acreedor refaccionario pagase dichos cánones por cuenta del arrendatario. El demandado Cerra no tiene otros bienes de·fortuna más que las cañas sembradas en las fincas.

Basándose en los hechos que acabamos de exponer, los demandantes interpusieron demanda en la que pedían sentencia con los siguientes pronunciamientos:

1. Condenando a Domingo Cerra a pagar las cantidades que adeuda por contribuciones pendientes y cánones vencidos y las cantidades que se vayan venciendo por uno y otro concepto, hasta la terminación del arrendamiento, más los intereses legales.

2. Declarando que dichas cantidades gozan de preferencia sobre cualquier suma que el banco demandado haya podido entregar a Domingo Cerra, de acuerdo con el contrato de refacción entre ambos; y que las cañas están afectas al crédito de los demandantes, teniendo éstos derecho a hacerlo efectivo con preferencia al banco demandado, el que no podrá cobrar nada de las cañas que existen en la finca hasta que los demandantes hayan cobrado íntegramente.

El banco demandado formuló excepción previa atacando la suficiencia de los hechos alegados en la demanda. Del récord ante nos no aparece que se haya dictado resolución alguna sobre dicha excepción.

Los demandantes embargaron las plantaciones de cañas para asegurar la efectividad de la sentencia; y en junio 7 de 1933 la corte nombró un síndico con facultad para cuidar, cultivar, administrar y moler las cañas.

En julio 7, 1933, los demandantes solicitaron de la corte una orden para que el síndico pagase inmediatamente de los fondos en su poder, provenientes de la molienda de cañas, la suma de $9,728.51 reclamada por el Tesorero de Puerto Rico por contribuciones sobre la finca. Y en la misma fecha El Pueblo de Puerto Rico solicitó permiso para intervenir en el pleito, con el objeto de reclamar el pago de las contribuciones adeudadas por el inmueble. Se opuso a ambas mociones el banco demandado, alegando la preferencia del crédito refaccionario sobre la reclamación de El Pueblo de Puerto Rico por contribuciones, por las cuales tiene el gobierno un gravamen preferente sobre el inmueble.

La Corte de Distrito admitió la intervención del Pueblo de Puerto Rico, y en junio 14 de 1933 declaró con lugar su reclamación y dictó una orden para que el secretario de la corte pagara el importe de las contribuciones reclamadas, con cargo a los fondos depositados y procedentes de la venta de los azúcares embargados. La orden de pago fué cumplimentada. Y el banco demandado interpuso el presente recurso, en el que no han comparecido ni los demandantes ni el interventor.

La parte apelante ha señalado en su alegato la comisión de siete errores, de los cuales los seis últimos pueden refundirse en uno, pues en realidad envuelven una sola cuestión. Dichos errores son los siguientes:

1. Que la Corte erró y actuó sin jurisdicción al ordenar que el pago de $9,728.51 por contribuciones se hiciera inmediatamente después de dictada la resolución de la Corte, a pesar de haber anunciado el abogado del Banco demandado que en el mismo momento habría de radicar un escrito de apelación en contra de dicha resolución.

De la transcripción de la evidencia aparece que inmediatamente después de dictar la corte la resolución recurrida, el abogado del banco demandado dijo:

"Queremos hacer constar que en este momento vamos a radicar una apelación de la resolución de V. H., y que, en vista de que esa apelación suspende la orden de V. H. se ordene al Secretario que no expida el cheque."

Y que la corte respondió:

"A pesar de la apelación la Corte ordena al Secretario que expida el cheque. El Pueblo de Puerto Rico tiene responsabilidad."

El abogado del demandado hizo anotar su excepción. Y el mismo día en que se dictó la orden, pero después 'de haberse hecho el pago, se radicó el escrito de apelación.

No tenemos duda alguna de que la orden dictada por la corte inferior es apelable. Véanse: *Santiago* v. *Benvenutti y Torres,* 43 D.P.R. 358, y *Becerril* v. *Cerra,* 48 D.P.R. 87.

La cuestión que levanta el alegado error que discutimos es: ¿Tenía facultad la corte sentenciadora para privar a la parte perjudicada por su resolución, del derecho de apelación, ordenando el cumplimiento inmediato de su orden, no obstante haber hecho constar en el récord dicha parte su propósito de apelar y no haber expirado el término legal para interponer el recurso?

El efecto que produce la interposición de un recurso de apelación es el de suspender todo procedimiento en la corte inferior respecto a la sentencia o resolución apelada, salvo en aquellos casos en que se ordene la venta de bienes que puedan perderse o deteriorarse, en cuyos casos se puede proceder a realizar la venta ordenada, pero depositando su importe hasta que la apelación sea resuelta. Artículos 297 y 298 del Código de Enjuiciamiento Civil.

La resolución de junio 14 de 1933, ordenando pagar de los fondos depositados en la corte el importe de las contribuciones reclamadas, era apelable por ser una resolución que puso término a la única controversia o *issue* presentada por la demanda de intervención de El Pueblo de Puerto Rico, lo que le daba el carácter de sentencia definitiva, y

como tal es apelable dentro de los treinta días siguientes a la fecha de su notificación y registro, de acuerdo con lo dispuesto por el inciso 1º. del artículo 295 del Código de Enjuiciamiento Civil y la jurisprudencia de esta Corte Suprema definiendo qué es lo que se entiende por sentencia "definitiva." Véanse: *Santiago* v. *Benvenutti y Torres,* supra; *Standley* v. *Hendrie,* 55 Pac. 723; *Los Ángeles* v. *Los Ángeles Water Co.,* 134 Cal. 121; *In re Welch,* 106 Cal. 427, y *Grant* v. *Superior Court,* 106 Cal. 324.

██ La resolución dictada por la corte inferior no era firme y ejecutoria hasta después que hubiese expirado el término para apelar. Y fué un error de la corte el negarse a detener la expedición del cheque para pagar las contribuciones, después de haber anunciado el abogado del banco apelante, inmediatamente después de dictada la resolución, que era su intención apelar para ante esta Superioridad. No encontramos justificación alguna para la rapidez con que se procedió a ordenar el pago y la expedición del cheque, sin dar siquiera una oportunidad a la parte agraviada por la resolución para formular, notificar y radicar su escrito de apelación.

█ Y no podemos aceptar como excusa válida la alegada por la corte sentenciadora, al negarse a detener la expedición del cheque, o sea que El Pueblo de Puerto Rico tiene responsabilidad, pues la solvencia de un apelado, que no es excusa para justificar la ejecución de una sentencia apelable, lo es aun menos en el caso de El Pueblo de Puerto Rico, habida cuenta de que éste no podría ser demandado sin su consentimiento para recobrar cantidades que le fueran indebidamente pagadas.

2. Que la resolución apelada es errónea porque la Corte, por una simple moción, concedió la súplica final y el único objetivo que se perseguía por la demanda de intervención de El Pueblo de Puerto Rico; y porque concedió más de lo solicitado por los demandantes en la demanda principal.

En el caso de *Becerril* v. *Cerra* y *United Porto Rican Bank,* 48 D.P.R. 87, entre las mismas partes que litigan en el presente recurso, los demandantes presentaron moción a la corte pidiéndole ordenase que de los fondos existentes en secretaría se entregara a los demandantes $3,472.21 en concepto del valor razonable del uso de los terrenos por los cuatro meses que duró la molienda de las cañas que produjeron los fondos depositados en la secretaría y que se hallan sometidos a la sindicatura. Se opuso a dicha moción el banco refaccionista. La corte ordenó el pago solicitado y el banco apeló. Y esta corte al revocar la orden apelada dijo:

"Las alegaciones de la demanda suscitan claramente ante la corte la cuestión de que los demandantes tienen derecho a cobrar con las cañas sembradas por su arrendatario lo que éste es en deberles como consecuencia del contrato de arrendamiento celebrado entre ellos, con preferencia a cualquier otro acreedor de su arrendatario inclusive The United Porto Rican Bank, que es un acreedor refaccionario, a quien la ley sobre contratos de refacción agrícola concede preferencia, desde la fecha de la inscripción de su contrato en el registro de contratos agrícolas, a los créditos posteriores de cualquier otra naturaleza, con excepción de los créditos por contribuciones, en cuanto a los frutos objeto del gravamen refaccionario durante los años comprendidos en el contrato y siempre hasta que el acreedor sea completamente satisfecho del importe total de su crédito. Por consiguiente, mientras no se decida por sentencia que los arrendadores pueden cobrar con el producto de las cañas sembradas en su finca por el arrendatario, con preferencia al banco refaccionista a quien la ley concede preferencia para el cobro de sus créditos contra cualquier otro crédito posterior a la anotación en el registro de su contrato de refacción, con excepción del cobro por contribuciones, no puede ordenarse que los actores cobren cantidad alguna del producto de las cañas objeto de la refacción por el uso de los terrenos por el síndico nombrado en este pleito."

No vemos razón alguna para establecer diferencias sustanciales entre el caso anterior y el presente. Aquí se pretende, como se pretendió en el caso anterior, poner fin a la controversia entre las partes por la resolución de una sim-

ple moción, dictando una orden y procediendo a ejecutarla sin dar a la parte perjudicada una oportunidad para perfeccionar su apelación dentro del término que la ley le concede para ello.

Los demandantes reclamaron en su demanda la suma de $7,135.86 por contribuciones impuestas a la finca y no pagadas por el arrendatario. El Pueblo de Puerto Rico solicitó en su demanda el pago de contribuciones impuestas a la finca, no sólo durante el período del arrendamiento hecho a Domingo Cerra, o sea de enero 1°., 1930 a junio 30, 1933, sino también las que habían sido impuestas por el período de julio 1°., 1928, a diciembre 31 de 1929, cuando aún no se había celebrado el contrato de arrendamiento entre los demandantes y el demandado Domingo Cerra; y pidió que se ordenase el pago con los fondos procedentes de las cañas cultivadas con dinero suministrado por el banco refaccionista. Éste se opuso a la moción, alegando, entre otras defensas, que la finca objeto del arrendamiento es la que debe responder exclusivamente del pago de las contribuciones, y que, a lo más que podría obligarse al banco refaccionista sería a pagar las contribuciones correspondientes al año 1932–33, en el que se cosecharon las cañas que produjeron los fondos depositados en la secretaría de la corte.

Como se ve, todas esas alegaciones contradictorias presentaban *issues* o puntos de controversia entre las partes, que deben ser resueltos por sentencia y no de una manera sumaria, mediante resolución de una moción, como se ha hecho en el presente caso. Las partes litigantes tienen derecho a que se siga el curso ordinario de los procedimientos; y el hecho de que El Pueblo de Puerto Rico fuera la parte promovente, no justifica la actuación de la corte inferior, pues el Gobierno, al comparecer ante los tribunales como litigante no tiene derecho a que se le mida con una vara distinta a la que se use para impartir justicia a cualquier ciudadano.

Consideramos que los dos errores apuntados son sustanciales y perjudiciales a los intereses de la parte apelante; y que la corte inferior no usó sabiamente su discreción al dictar la resolución apelada y al negarse a suspender su ejecución hasta la decisión del presente recurso.

*La resolución apelada debe ser revocada y dictarse sentencia declarando sin lugar la moción que la motivara.*

El Juez Asociado Señor Wolf disintió.*

El Juez Asociado Señor Córdova Dávila no intervino.