Carmen Rivera Bonilla, peticionaria, Ex parte; Eduardo Font Pacheco, opositor y apelante.

Núm. 7724.—*Sometido:* Abril 4, 1938. *Resuelto:* Julio 5, 1938.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *Wilson P. Colberg,* abogado de la peticionaria y apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Don Agapito Font Cuevas dispuso de sus bienes para después de su muerte, por testamento abierto otorgado el día 14 de diciembre de 1936. Designó a su esposa Carmen Rivera Bonilla albacea universal, a quien también le legó el tercio libre de sus bienes y la instituyó heredera del usufructo en la cuota que acuerda y dispone el Código Civil. A las hijas que con ella hubo, las mejoró por partes iguales en un tercio de sus bienes. El tercio restante lo distribuyó por igual entre su nieto Rafael, hijo de su hijo Agapito, habido con su primera esposa Vicenta Roméu, quince hijos más que hubo con Concepción Pacheco, segunda esposa, y los dos ya mencionados habidos con Carmen Rivera Bonilla. Para satisfacer el pago del tercio libre y del de mejora señaló las casas núms. 23 y 21 de la calle Luna de San Juan, respectivamente.

Don Agapito falleció el día 30 de septiembre de 1937, y el 6 de octubre de ese mismo año su viuda Carmen Rivera Bonilla, en su carácter de albacea testamentaria, solicitó de

la Corte de Distrito de San Juan que decretara la administración judicial de los bienes del finado, y le nombrara en su día administradora del caudal, de acuerdo con la preferencia que como viuda le reconoce la ley. Al día siguiente pidió ser nombrada administradora interina, mientras se resolvía su solicitud de fecha 6 de octubre. El día 8 radicó otra moción desistiendo de la anterior en que pedía ser nombrada administradora interina. Ese mismo día la corte inferior tuvo por desistida la moción interesando el nombramiento de administradora interina, y ordenó la citación por edictos a los herederos, legatarios y acreedores del finado para que comparecieran el 8 de diciembre a exponer las razones que tuvieran en pro y en contra de que se nombrara un administrador judicial.

Posteriormente, esto es, en 28 de enero de 1938, le pidió a la corte que también diera por desistida la moción que presentara el 6 de septiembre del año anterior, y por la cual solicitaba la administración judicial del caudal. Esta moción fué declarada sin lugar.

En 8 de febrero de 1938 la peticionaria apelada presentó moción para que se dictara una resolución ordenando la entrega a ella de todas las rentas devengadas y por devengar, que procedieran de la casa asignada en el testamento para el pago de su legado, que es la número 23 de la calle Luna, de esta ciudad. El 26 de marzo declaró la corte de distrito con lugar esta moción ''por entender que de acuerdo con los artículos 804 y 805 del Código Civil el legatario adquiere la propiedad de la cosa legada desde la muerte del testador y desde ese momento tiene derecho a hacer suyos los frutos y rentas, no siendo óbice el hecho de no haberse hecho la liquidación y partición de la herencia.'' Contra dicha resolución interpuso apelación para ante este tribunal Eduardo Font Pacheco. La apelada solicita ahora la desestimación del recurso por entender, primero, que la resolución contra la cual se interpuso, no es apelable, y segundo, porque de serlo, es frívolo.

■ El artículo 295 del Código de Enjuiciamiento Civil (ed. 1933) dispone:

"Art. 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."

La resolución en el caso de autos no cae dentro del segundo párrafo de dicho artículo. Tampoco es "una providencia especial dictada después de una sentencia definitiva," pues no existe una que haya puesto término a la administración judicial. No es "una sentencia interlocutoria en pleito sobre partición de propiedad real." ¿Es acaso una "sentencia definitiva" dentro del significado que esas palabras tienen en el inciso primero del artículo 295 del Código? Opinamos que no lo es. Se trata de un mero incidente dentro del procedimiento, que no ha puesto fin a nada. La sentencia que a los efectos del administrador pone término a la administración de los bienes del finado, es, con arreglo al artículo 590 del Código de Enjuiciamiento Civil, el "auto definitivo, bien aprobando la cuenta presentada, o haciendo en ella modificaciones y alteraciones, con cargo al albacea o administrador, que el derecho y la justicia reclamen; . . ." Y es contra

dicho auto definitivo que de acuerdo con ese mismo artículo "podrá interponerse recurso de apelación." Si la resolución apelada fuera una sentencia definitiva con arreglo al artículo 295 del Código de Enjuiciamiento Civil, la corte de distrito no podría ni modificar ni alterar en ese extremo las cuentas finales presentadas a pesar de que el artículo 590, supra, taxativamente dispone lo contrario.

La ley referente a procedimientos legales especiales específicamente estatuye qué órdenes, resoluciones o sentencias son apelables. Así, al tratar en el capítulo tercero "de la declaración de herederos," dispone en el artículo 553 (Código de Enjuiciamiento Civil) que la sentencia que se dicte "será apelable"; y al tratar "de la división y partición de una herencia" en el título segundo, concede por el artículo 604 el recurso de apelación para ante este Tribunal Supremo contra la resolución de la corte de distrito modificando la divisoria que se haga. Por lo que, no siendo el derecho de apelación absoluto, sino de origen estatutario, al enumerar la ley los casos contra los que se da, quiso excluir cualesquiera otros. *Expressio unius est exclusio alterius.*

En oposición a que se desestime por inapelable el recurso, el apelante cita en su alegato el caso de *Becerril* v. *United P. R. Bank,* 50 D.P.R. 504. Resolvimos en dicho caso que la orden apelada tenía el carácter de sentencia definitiva y era por tanto apelable. El caso de autos debe regirse necesariamente por el estatuto que regula los procedimientos legales especiales. Y ya hemos visto que dicho estatuto no concede el derecho de apelación en incidentes como el envuelto en el presente recurso.

*No siendo apelable la resolución contra la cual se ha interpuesto este recurso, es innecesario considerar si el mismo es frívolo. Debe decretarse la desestimación solicitada.*

El Juez Asociado Señor De Jesús no intervino.